[No. A038157. First Dist., Div. Four. Oct. 20, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
GARY WAYNE ROBINSON, Defendant and Appellant.

COUNSEL

Scott Lueders, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, David D. Salmon and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ANDERSON, P. J.—A jury convicted defendant Gary Wayne Robinson (appellant) of (1) lewd and lascivious conduct with a child under the age of

14 (Pen. Code,[1] § 288, subd. (a)), and (2) oral copulation with a child under the age of 14 years and more than 10 years younger than appellant (§ 288a, subd. (c)). The trial court granted appellant's motion for new trial on the basis of ineffective assistance of counsel (failure to object to admission of evidence of uncharged acts). Thereafter, the People filed an amended information alleging 111 counts of similar violations.

The first 106 counts were set aside pursuant to appellant's section 995 motion, but appellant's simultaneous motion to dismiss for vindictive prosecution as well as his petition for writ of mandate to review that decision were denied.

Under the terms of a negotiated disposition, appellant pled nolo contendere to counts 108 and 109 (lewd conduct, § 288, subd. (a)); the remaining counts were dismissed. He received a 10-year state prison sentence and, without prior notification concerning imposition of a restitution fine or order, was ordered to make restitution in the amount of $5,000 pursuant to Government Code section 13967, subdivision (c).[2]

### DISCUSSION

Appellant contends the trial court erred in failing to inform him of the pecuniary consequences of his plea and further argues he was prejudiced thereby. Where the circumstances set forth in Government Code section 13967, subdivision (c), are present, the trial court must order restitution to be paid to the victim. ■ Our Supreme Court has directed that "In all guilty plea and submission cases the defendant shall be advised of the direct consequences of conviction . . . ." (*Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 605 [119 Cal.Rptr. 302, 531 P.2d 1086].) This judicially mandated rule of criminal procedure encompasses only primary and direct consequences of a defendant's impending conviction as contrasted with secondary, indirect or collateral consequences. (*People* v. *Harty* (1985) 173 Cal.App.3d 493, 504 [219 Cal.Rptr. 85].) Since a restitution fine or order flows directly from conviction of the felony, we hold, consistent with *Bunnell*, that the trial court must advise a defendant of this penal consequence.

Nevertheless, in this case appellant failed to observe the statutory prerequisite to appellate review of the validity of a plea, namely, the filing of a

---

[1] Unless otherwise indicated all statutory references are to the Penal Code.

[2] Government Code section 13967, subdivision (a), provides that when a person is convicted "of one or more felony offenses, the court shall impose a separate and additional restitution fine of not less than one hundred dollars ($100) and not more than ten thousand dollars ($10,000). . . ." Where the victim suffers economic loss and the defendant is denied probation, the court must order restitution to be paid to the victim in lieu of imposing the fine. (Gov. Code, § 13967, subd. (c).)

statement "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings . . . ." (§ 1237.5, subd. (a).) This statement serves as the defendant's notice of appeal, but the appeal does not become operative unless the trial court executes and files a certificate of probable cause for such appeal as required by section 1237.5, subdivision (b). (Cal. Rules of Court,[3] rule 31(d).)

■ The procedures outlined in section 1237.5 are designed to sift out frivolous claims among those issues surviving waiver. (*People* v. *Hunt* (1985) 174 Cal.App.3d 95, 108 [219 Cal.Rptr. 731].) ■ The asserted failure to advise appellant of the restitution consequences of his conviction relates to the validity of his plea and, thus, is subject to section 1237.5 requirements. Since appellant neither sought nor obtained a certificate of probable cause, section 1237.5 and rule 31(d) bar his appeal. (*People* v. *Ballard* (1985) 174 Cal.App.3d 982, 985 [220 Cal.Rptr. 323].)

The appeal is dismissed.

Poché, J., and Channell, J., concurred.

---

[3] All rule references are to the California Rules of Court.