[No. S017854. Dec. 5, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
DEXTER M. WALKER, Defendant and Appellant.

1014

## COUNSEL

Harvey E. Goldfine, under appointment by the Supreme Court, for Defendant and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart and George Williamson, Chief Assistant Attorneys General, Harley D. Mayfield, Assistant Attorney General, and Robert M. Foster, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

ARABIAN, J.—We granted review in this case to resolve a conflict in the Court of Appeal over the proper means of remedying the erroneous imposition of a restitution fine. As explained below, we order the restitution fine of this case reduced to the statutory minimum of $100.

### I. FACTS

Defendant was charged by information with two felony counts, including, in count 2, the attempted use of a destructive device with the intent to injure or intimidate. (Pen. Code, § 12303.3.)[1] According to the probation report, defendant placed in his ex-wife's car a bomb which was designed to detonate when the brake lights or headlights were activated. Fortunately, the bomb was discovered and defused before it exploded.

On April 21, 1988, pursuant to a plea bargain, defendant pleaded guilty to count 2. The district attorney and defendant agreed that in return for the

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

guilty plea, count 1 would be dismissed, and defendant would be sentenced to state prison for the midterm of five years with credit for time served. Defendant signed a change of plea form, and initialed his understanding of the agreement. He waived his constitutional rights. The court orally explained to defendant that "the maximum penalties provided by law for this offense are either 3 years, 5 years, or 7 years in state prison and a fine of up to $10,000," followed by a period of parole.

The court sentenced defendant immediately after the guilty plea. In accordance with the plea bargain, it imposed a five-year prison sentence and awarded credit for time served. It also imposed a restitution fine of $5,000, although the plea agreement did not mention such a fine. The probation report prepared before the plea, and supplied to the defense, recommended a $7,000 restitution fine; the record discloses no other mention of the possibility of such a fine prior to sentencing. Defendant did not object to the fine at sentencing.

Defendant appealed on the sole ground that the restitution fine was not part of the plea bargain, and should be stricken. The Court of Appeal found error, but held that the only remedy was to allow defendant to withdraw his guilty plea and, if he chose to do so, to reinstate the dismissed count. Accordingly, it reversed the judgment and remanded the matter to the trial court. We granted review to consider the propriety of that disposition.

## II. Discussion

### A. *Background*

A person convicted of a felony faces the possible imposition of two different kinds of fine. First is a penal fine, up to $10,000 in this case. (§§ 672, 12303.3.) The court "may" impose this fine. (§ 672.) Second is a restitution fine. As relevant to this case, the court "shall" impose a restitution fine of at least $100 and not more than $10,000 (Gov. Code, § 13967, subd. (a)) "regardless of the defendant's present ability to pay. However, if the court finds that there are compelling and extraordinary reasons, the court may waive imposition of the fine. When such a waiver is granted, the court shall state on the record all reasons supporting the waiver." (§ 1202.4, subd. (a).) "This statutory requirement is the result of a constitutional amendment adopted by the voters as part of Proposition 8. (See Cal. Const., art. I, § 28, subd. (b).)" (*People* v. *Davis* (1988) 205 Cal.App.3d 1305, 1309 [252 Cal.Rptr. 924].)

Determining whether the restitution fine in this case was properly imposed and, if not, the appropriate remedy to correct the error, requires

consideration of two related but distinct legal principles. (See *People* v. *Glennon* (1990) 225 Cal.App.3d 101, 104 [276 Cal.Rptr. 1].)

The first principle concerns the necessary advisements whenever a defendant pleads guilty, whether or not the guilty plea is part of a plea bargain. The defendant must be admonished of and waive his constitutional rights. (*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].) In addition, and pertinent to this case, the defendant must be advised of the direct consequences of the plea. (*Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 605 [119 Cal.Rptr. 302, 531 P.2d 1086].)

The second principle is that the parties must adhere to the terms of a plea bargain. (*People* v. *Mancheno* (1982) 32 Cal.3d 855, 860 [187 Cal.Rptr. 441, 654 P.2d 211].)

In any given case, there may be a violation of the advisement requirement, of the plea bargain, or of both. Although these possible violations are related, they must be analyzed separately, for the nature of the rights involved and the consequences of a violation differ substantially. Indeed, much of the confusion engendered by the appellate decisions on this issue results from a blurring of the distinction between these principles.

B. *The Prior Cases*

The first case to consider this question was *People* v. *Oberreuter* (1988) 204 Cal.App.3d 884 [251 Cal.Rptr. 522]. In *Oberreuter*, the defendant argued that the restitution fine "must be stricken, because it was not part of the plea bargain and [defendant] was not advised a fine could be imposed as possible punishment before he entered his plea." (*Id.* at p. 888.) The court found that "a restitution fine, like any other penal consequence, may not be imposed on a plea-bargain participant where it was not included in the negotiated agreement." (*Ibid.*) It held that the proper remedy for the violation was to strike the fine. (*Id.* at pp. 889-890.) Justice Benke dissented, finding no error and arguing that if there was error, the proper remedy was not to strike the fine but to allow the defendant to withdraw the guilty plea. (*Id.* at pp. 890-893 (dis. opn. of Benke, J.).)

A similar contention was raised in *People* v. *Robinson* (1988) 205 Cal.App.3d 280 [252 Cal.Rptr. 202]. The Court of Appeal dismissed the appeal because the defendant had not obtained a certificate of probable cause, but stated in dicta that the trial court must advise the defendant about the restitution fine prior to the guilty plea.

*People* v. *Davis, supra,* 205 Cal.App.3d 1305, was the first decision to disagree with *Oberreuter. Davis* discussed both the plea bargain and advisement issues, and concluded the defendant was not entitled to relief from the imposition of a $100 restitution fine. Concerning the plea bargain, the court found that defendant "has not demonstrated that the plea bargain involved any limitation on the court's mandatory duty to impose a restitution fine" (*id.* at p. 1308), and that "The public policy represented by the mandatory fine 'is too substantial to permit erosion' by reliance on mere silence in the course of a plea bargain." (*Id.* at p. 1309, quoting *In re Chambliss* (1981) 119 Cal.App.3d 199, 203 [173 Cal.Rptr. 712 ].) It found a violation of the advisement requirement, but held there was no prejudice because of the small amount of the fine. (*Id.* at pp. 1310-1311.)

In *People* v. *Ross* (1990) 217 Cal.App.3d 879 [265 Cal.Rptr. 921], the defendant claimed that "the imposition of restitution fines was improper and they must be stricken because [the defendant] was not advised of the possibility of such fines when she entered her plea." (*Id.* at p. 885.) Agreeing with *Oberreuter* and disagreeing with *Davis,* the court held that the fine must be stricken. It pointed out that imposition of the restitution fine may be waived for " 'compelling and extraordinary' " reasons (§ 1202.4, subd. (a)), and reasoned that a failure of advisement was a valid basis for not imposing the fine. (*Ross, supra,* at p. 887.)

The court in *People* v. *Melton* (1990) 218 Cal.App.3d 1406 [267 Cal.Rptr. 640] took a different approach. Although a plea bargain was negotiated and a guilty plea taken without mention of a possible restitution fine, the probation report recommended such a fine. In light of this, the Court of Appeal held that the defendant's failure to object to the imposition of the fine waived his right to challenge the fine on appeal.

In *People* v. *Williams* (1990) 224 Cal.App.3d 179 [273 Cal.Rptr. 526], the court reviewed the prior cases and agreed with *Ross* and *Oberreuter.* It ordered the restitution fine stricken both because of the failure of advisement and because it was not a part of the negotiated plea. (*Id.* at pp. 185-186.)

Most recently, in *People* v. *Glennon, supra,* 225 Cal.App.3d 101, the court noted that the guilty plea was not the result of a negotiated disposition. Hence the court concluded that "it is appropriate, in such cases where there is no evidence of breach of the plea agreement, to deny relief unless the error is shown to be prejudicial." (*Id.* at p. 105.) The court found no prejudice and would have denied relief, except that the trial court (unnecessarily) advised the defendant at the time of the plea "that he could withdraw it if the indicated disposition was not the sentence imposed." (*Id.* at pp. 105-106.) In

light of this advice, the court allowed the defendant to withdraw his guilty plea. (*Id.* at p. 106.)

The Court of Appeal here found that the trial court had erroneously failed to advise defendant under section 1192.5 that if it imposed a sentence other than in conformity with the plea bargain, he could withdraw the guilty plea. It held that since restitution fines are "statutorily mandated," the only remedy is to allow the defendant to withdraw the guilty plea.

Thus, confronted with error in the imposition of a restitution fine, some courts have granted no relief (*Davis*, *supra*, 205 Cal.App.3d 1305; and *Melton*, *supra*, 218 Cal.App.3d 1406), others have ordered the fine stricken (*Oberreuter*, *supra*, 204 Cal.App.3d 884; *Ross*, *supra*, 217 Cal.App.3d 879; and *Williams*, *supra*, 224 Cal.App.3d 179), and still others have allowed the defendant to withdraw his guilty plea (*Glennon*, *supra*, 225 Cal.App.3d 101, and the court in this matter). As we explain, however, the proper remedy depends on the nature of the error, and the time and manner in which it is brought to the attention of the court. Language in the foregoing decisions inconsistent with the following analysis is disapproved.

### C. *Advisement of the Consequences of the Plea*

■ As noted earlier, before taking a guilty plea the trial court must admonish the defendant of both the constitutional rights that are being waived and the direct consequences of the plea. (*Boykin* v. *Alabama*, *supra*, 395 U.S. 238; *In re Tahl*, *supra*, 1 Cal.3d 122; *Bunnell* v. *Superior Court*, *supra*, 13 Cal.3d 592, 605; see generally *People* v. *Wright* (1987) 43 Cal.3d 487, 491-493 [233 Cal.Rptr. 69, 729 P.2d 260].) A possible $10,000 restitution fine constitutes such a direct consequence. Thus, before taking any guilty plea a trial court should advise the defendant of the minimum $100 and maximum $10,000 restitution fine.

■ Unlike the admonition of constitutional rights, however, advisement as to the consequences of a plea is not constitutionally mandated. Rather, the rule compelling such advisement is "a judicially declared rule of criminal procedure." (*People* v. *Wright, supra,* 43 Cal.3d at p. 495, citing *In re Yurko* (1974) 10 Cal.3d 857, 864 [112 Cal.Rptr. 513, 519 P.2d 561].) The nonconstitutional basis of the rule has two consequences pertinent to this case.

First, "Unlike an uninformed waiver of the specified constitutional rights which renders a plea or admission involuntary and requires that it be set aside, an uninformed waiver based on the failure of the court to advise an accused of the consequences of an admission constitutes error which re-

quires that the admission be set aside only if the error is prejudicial to the accused." (*In re Ronald E.* (1977) 19 Cal.3d 315, 321 [137 Cal.Rptr. 781, 562 P.2d 684].) "A showing of prejudice requires the appellant to demonstrate that it is reasonably probable he would not have entered his plea if he had been told about the fine." (*People* v. *Glennon, supra,* 225 Cal.App.3d at p. 105; see also *People* v. *Wright, supra,* 43 Cal.3d at p. 495.)

Second, the error is waived absent a timely objection. In *People* v. *Melton, supra,* 218 Cal.App.3d at page 1408, as in this case, the imposition of a fine was recommended in the probation report. The *Melton* court held that the defendants' failure to object to the fine at the sentencing hearing waived the failure to advise of the possibility of the fine. We agree. "The purpose of the general doctrine of waiver is to encourage a defendant to bring errors to the attention of the trial court, so that they may be corrected or avoided and a fair trial had. . . . [¶] In this case, the record reflects that defense counsel was familiar with the probation report. Had the recommendation that defendants be ordered to pay a restitution fine come as a genuine surprise, it would have been a simple matter to bring the issue to the attention of the trial court." (*Id.* at p. 1409.)

■ Thus, when the only error is a failure to advise of the consequences of the plea, the error is waived if not raised at or before sentencing. Upon a timely objection, the sentencing court must determine whether the error prejudiced the defendant, i.e., whether it is "reasonably probable" the defendant would not have pleaded guilty if properly advised. (*People* v. *Glennon, supra,* 225 Cal.App.3d at p. 105.)

As the defendant is already before the court at sentencing, this determination of prejudice should not be difficult or time consuming. The court should consider the defendant's financial condition, the seriousness of the consequences of which the defendant *was* advised, the nature of the crimes charged, the punishment actually imposed, and the size of the restitution fine. (See *People* v. *Wright, supra,* 43 Cal.3d at p. 499; *People* v. *Melton, supra,* 218 Cal.App.3d at p. 1408, fn. 1.) The last of these factors is particularly important. As noted in *People* v. *Davis, supra,* 205 Cal.App.3d at page 1311, "in the case of a minimal fine [of $100] no showing of prejudice normally will be possible."

If the sentencing court finds no prejudice, the defendant is not entitled to relief. When there is prejudice, and a timely objection, the defendant is entitled to a remedy. The situation then is analogous to a violation of a plea bargain that is brought to the attention of the sentencing court. As explained below, the court must, under such circumstances, adopt either of two reme-

dies: impose only the statutory minimum of $100, or give the defendant the option to withdraw the plea.

## D. *Violation of the Plea Bargain*

■ When a guilty plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement. The punishment may not significantly exceed that which the parties agreed upon.

" '[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.' (*Santobello* v. *New York* [(1971)] 404 U.S. [257,] 262 [30 L.Ed.2d 427, 433, 92 S.Ct. 495].) [¶] The Supreme Court has thus recognized that due process applies not only to the procedure of accepting the plea (see *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]), but that the requirements of due process attach also to implementation of the bargain itself. It necessarily follows that violation of the bargain by an officer of the state raises a constitutional right to some remedy." (*People* v. *Mancheno, supra,* 32 Cal.3d 855, 860; see also *People* v. *Glennon, supra,* 225 Cal.App.3d at p. 104.) Although the purpose of a restitution fine is not punitive, we believe its consequences to the defendant are severe enough that it qualifies as punishment for this purpose. Accordingly, the restitution fine should generally be considered in plea negotiations.

This does not mean that *any* deviation from the terms of the agreement is constitutionally impermissible. As *Santobello* v. *New York* (1971) 404 U.S. 257, 262 [30 L.Ed.2d 427, 433, 92 S.Ct. 495], suggests, the variance must be "significant" in the context of the plea bargain as a whole to violate the defendant's rights. A punishment or related condition that is insignificant relative to the whole, such as a standard condition of probation, may be imposed whether or not it was part of the express negotiations.

■ Whether or not a defendant waives an objection to punishment exceeding the terms of the bargain by the failure to raise the point in some fashion at sentencing depends upon whether the trial court followed the requirements of section 1192.5. That section provides in pertinent part that when a plea bargain is accepted by the parties and approved by the court, the defendant generally "cannot be sentenced on such plea to a punishment more severe than that specified in the plea and the court may not proceed as to such plea other than as specified in the plea." The court "shall inform the defendant prior to the making of the plea that (1) its approval is not binding,

(2) it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter, and (3) in such case, the defendant shall be permitted to withdraw his plea if he desires to do so." (§ 1192.5.)

Absent compliance with the section 1192.5 procedure, the defendant's constitutional right to the benefit of his bargain is not waived by a mere failure to object at sentencing. "Of course, there can be no waiver of a constitutional right absent 'an intentional relinquishment or abandonment of a known right or privilege.' [Citation.] No less should a court presume from mere silence that defendant is waiving implementation of the consideration that induced him to waive his constitutional rights." (*People* v. *Mancheno, supra,* 32 Cal.3d at p. 864.)

When, however, the section 1192.5 admonition is given, and it is generally required, the situation is quite different. The issue then becomes whether the defendant has relinquished his statutory right to withdraw the plea. *People* v. *Mancheno, supra,* 32 Cal.3d 855, does not state whether the admonition was given in that case, and thus it does not address the point.

We have held that absent a section 1192.5 admonition, a defendant's "failure affirmatively to request a change of plea should not be deemed a waiver of his right to do so. Since he was never advised of his rights under section 1192.5, he should not be held to have waived them." (*People* v. *Johnson* (1974) 10 Cal.3d 868, 872 [112 Cal.Rptr. 556, 519 P.2d 604], fn. omitted.) Implicit in this reasoning is that when the admonition *is* given, the failure affirmatively to request a change of plea does waive the right to do so. (See *id.* at p. 872, fn. 3 [distinguishing prior cases which supported a finding of waiver on the basis of the absence of the admonition].) A line of cases in an analogous situation supports this conclusion.

In *People* v. *Arbuckle* (1978) 22 Cal.3d 749 [150 Cal.Rptr. 778, 587 P.2d 220, 3 A.L.R.4th 1171], we held that when a judge accepts a plea bargain and retains sentencing discretion, it is generally an implied term of the bargain that sentence will be imposed by that judge. The question naturally arose whether a defendant waives this implied term by silence when a different judge imposes sentence. The exact answer to this question is currently unsettled, as the several appellate decisions conflict. (See fn. 2, *post.*) But as analogous to this case, the decisions all suggest a finding of waiver upon the giving of a section 1192.5 admonition.

In *People* v. *Rosaia* (1984) 157 Cal.App.3d 832, 840 [203 Cal.Rptr. 856], the court found that the *Arbuckle* right "may be waived by conduct," i.e., by

not seeking to withdraw the guilty plea or otherwise objecting at sentencing. It went on to hold that "fairness dictates that before accepting silence or acquiesence in sentencing by a different judge as a waiver, the court must satisfy itself from the record that defendant knew he had the right to be sentenced by the same judge who took his plea. The court cannot reasonably assume or speculate that the defendant had the requisite knowledge of his *Arbuckle* rights even if represented by an attorney." (*Ibid.*)

In part, the analysis of *Rosaia* has come under substantial attack, but for reasons not pertinent to this case. (Cf. *People* v. *Adams* (1990) 224 Cal.App.3d 1540 [274 Cal.Rptr. 629] and *People* v. *Serrato* (1988) 201 Cal.App.3d 761 [247 Cal.Rptr. 322] with *People* v. *Horn* (1989) 213 Cal.App.3d 701 [261 Cal.Rptr. 814].)[2] All of these cases agree with *Rosaia* to the extent it finds waiver at least when the court has advised the defendant of the existence of the *Arbuckle* right. The *Rosaia* rationale applies here (even if not under its own facts—see fn. 2, *ante*). Absent a section 1192.5 admonition, we cannot assume the defendant knew he had a right to withdraw his plea. But when the admonition is given, and the defendant does not ask to withdraw the plea or otherwise object to the sentence, he has waived the right to complain of the sentence later.

■ A violation of a plea bargain is not subject to harmless error analysis. A court may not impose punishment significantly greater than that bargained for by finding the defendant would have agreed to the greater punishment had it been made a part of the plea offer. "Because a court can only speculate why a defendant would negotiate for a particular term of a bargain, implementation should not be contingent on others' assessment of the value of the term to defendant. [¶] . . . [¶] Moreover, the concept of harmless error only addresses whether the defendant is prejudiced by the error. However, in the context of a broken plea agreement, there is more at stake than the liberty of the defendant or the length of his term. 'At stake is the honor of the government[,] public confidence in the fair administration of justice, and the efficient administration of justice . . . .' " (*People* v. *Mancheno, supra*, 32 Cal.3d at pp. 865-866, quoting *United States* v. *Carter* (4th Cir. 1972) 454 F.2d 426, 428 (in bank).)

E. *The Appropriate Remedy*

We now decide the proper remedy for those cases when the defendant is entitled to relief under the above rules. "The usual remedies for violation of

---

[2] *Serrato* and *Adams* point out that " 'Knowledge by the defendant of his *Arbuckle* right as a part of the plea bargain is implicit in the reasoning of *Arbuckle*.' " (*Adams, supra*, 224 Cal.App.3d at p. 1544, quoting *Serrato, supra*, 201 Cal.App.3d at p. 765.) Thus, they argue, *Rosaia* errs in requiring an express admonition before finding the requisite knowledge. *Horn* attempts to find a middle path between these cases. We express no opinion of the merits of this disagreement.

a plea bargain are to allow defendant to withdraw the plea and go to trial on the original charges, or to specifically enforce the plea bargain [i.e., in this case to strike the nonbargained restitution fine]." (*People* v. *Mancheno, supra,* 32 Cal.3d at pp. 860-861.) Here, we believe, a third option is appropriate—to reduce the fine to the statutory minimum of $100.

The Court of Appeal in this case held that striking the fine is not appropriate because the fine is mandatory. (See also *People* v. *Davis, supra,* 205 Cal.App.3d at p. 1309.) We agree. Although the statute allows the court to waive imposition of the fine if it finds "compelling and extraordinary reasons," the reasons must be stated on the record. (§ 1202.4, subd. (a).) No such reasons were found or stated in this case. Thus, striking the fine altogether would violate this statutory mandate.

However, allowing the defendant to withdraw his plea for want of a restitution fine will often be undesirable. Although the imposition of a restitution fine constitutes an important benefit to crime victims, so too does the orderly and considered entry of a plea bargain. Negotiated pleas facilitate the efficient disposition of causes and allow victims to avoid the trauma and inconvenience of trial. Allowing a defendant to withdraw a guilty plea will often run counter to the interests of crime victims. The benefit in enforcing a negotiated plea may far exceed the value of the restitution fine, whatever its amount. The voters and the Legislature cannot have intended that the mandatory restitution fine could invalidate a plea bargain when that result would actually harm rather than benefit the victims of crime.

Another remedy is available between the extremes of specific performance (striking the fine altogether) and voiding the guilty plea, a remedy akin to substantial specific performance. This is simply to reduce the fine to the statutory minimum of $100. Unlike striking the fine entirely, such a reduction would not violate the mandatory nature of the fine.

It would also not violate the defendant's right to the benefit of his bargain. ██ As noted above, only a punishment significantly greater than that bargained for violates the plea bargain. The restitution fine applies only to *felony* convictions. (§ 1202.4, subd. (a).) A person who pleads to a felony as part of a bargain generally does so to avoid prison, reduce the maximum term, or have other charges dismissed. In the context of felony pleas, a $100 fine is not, as a matter of law, "significant." (See also *People* v. *Davis, supra,* 205 Cal.App.3d at p. 1311.)[3]

---

[3]We stress that normally the defendant should not receive any more punishment than that bargained for. We allow the nonbargained $100 fine in this case because it is statutorily

Reducing the fine to $100 would thus achieve substantial compliance with the terms of the plea bargain without violating the statutory requirement of a restitution fine. Such a result would generally not prejudice the prosecution or court, for if a greater fine had been considered critical it would surely not have been overlooked in the negotiation process.

■ For these reasons, if the breach of the plea bargain is brought to the attention of the court at the time of sentencing, the court should, in its discretion, either allow the defendant to withdraw the guilty plea or reduce the fine to the minimum of $100. "The goal in providing a remedy for breach of the bargain is to redress the harm caused by the violation without prejudicing either party or curtailing the normal sentencing discretion of the trial judge. The remedy chosen will vary depending on the circumstances of each case." (*People* v. *Mancheno, supra,* 32 Cal.3d at p. 860.) Factors to be considered by the trial court are the importance of imposing a greater restitution fine, the interests of the parties and victims, whether circumstances have changed between entry of the plea and the time of sentencing, and whether reducing the fine would constrain the court to a disposition that it determines to be inappropriate. (See *ibid.*) The People as well as the defendant may seek specific enforcement, or, in this case, substantial specific performance. (*Id.* at p. 861; *People* v. *Kaanehe* (1977) 19 Cal.3d 1, 13 [136 Cal.Rptr. 409, 559 P.2d 1028].)

When the violation is not raised at sentencing but later, generally on appeal, the passage of time tilts the relevant interests strongly towards reducing the fine rather than undoing the plea bargain. Because normally the defendant will have "completed a substantial portion of his prison term, permitting him to withdraw his guilty plea cannot restore the status he enjoyed before sentencing." (*People* v. *Oberreuter, supra,* 204 Cal.App.3d at p. 889.) Even if the defendant has not served a substantial portion of the prison term, for example when he has been granted bail pending appeal, he may have relied on the plea bargain in other ways.

The People may also be prejudiced by nullifying the plea agreement. The passage of time may have caused some witnesses' memories to dim. Other witnesses may be missing. Victims might be traumatized by the resurrection of a criminal proceeding long since believed resolved. In addition, a new hearing to allow the trial court to choose between striking the fine and

mandated and is not significant in the context of the bargain as a whole. Courts should generally be cautious about deeming nonbargained punishment to be insignificant. The test whether a punishment greater than that bargained for is "significant" under *Santobello* v. *New York, supra,* 404 U.S. 257, is stricter than the prejudice test for a mere failure to advise of the consequences of a nonbargained plea. Punishment that is not prejudicial, i.e., when it is not reasonably probable the defendant would not have pleaded guilty if informed of the punishment (see *People* v. *Mancheno, supra,* 32 Cal.3d at pp. 865-866), may well be "significant" if imposed after a negotiated plea.

allowing withdrawal of the plea, with the necessity of transporting the defendant from prison elsewhere in the state and the concomitant security arrangements, would often cost the criminal justice system far more than might actually be collected as part of the restitution fine.

To avoid the anomaly of restitution fines costing more money than they generate, and causing more harm than benefit to victims, a bright-line rule is desirable. In *People* v. *Vasquez Diaz* (1991) 229 Cal.App.3d 1310, 1316 [280 Cal.Rptr. 599], the trial court failed to refer to the restitution fine at sentencing. Rather than remand for the trial court to determine the appropriate fine between $100 and $10,000—a remedy described as "judicially uneconomical"—the appellate court itself imposed the $100 minimum. (*Ibid.*; see also *People* v. *Blankenship* (1989) 213 Cal.App.3d 992, 1000 [262 Cal.Rptr. 141].) The same should be done here. ▮ Accordingly, we hold that if the breach of the plea bargain is first raised after sentencing, the proper remedy generally is to reduce the fine to the statutory minimum, and to leave the plea bargain intact.[4]

## F. *Application of These Principles to This Case*

We now apply these principles to the case at bar. The trial court only advised the defendant that a $10,000 fine was a possible consequence of the guilty plea. This was inadequate. The court should have advised defendant there was a possible $10,000 penalty fine *and* a mandatory restitution fine of between $100 and $10,000. This error, standing alone, would not entitle defendant to a remedy for two reasons.

First, defendant waived the error by not objecting to the fine when it was imposed. Second, he has not shown prejudice. Although the court advised him of a possible $10,000 fine (with the nature of the fine unspecified), it imposed no penalty fine at all and only a $5,000 restitution fine. Since the actual fine imposed was *less* than that advised, defendant was not prejudiced by the incomplete admonition.

However, the $5,000 restitution fine was a significant deviation from the negotiated terms of the plea bargain. Since the court did not give the section

---

[4]We note that the Legislature has recently amended section 1018 to provide, in pertinent part: "On application of the defendant at any time before judgment *or within six months after an order granting probation is made if entry of judgment is suspended,* the court may . . . , for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." (Stats. 1991, ch. 421, No. 5 West's Cal. Legis. Service, p. 1900 [No. 5 Deering's Adv. Legis. Service, p. 1813] [italics indicating recently added language].)

Although defendant was not granted probation, and the amendment thus does not apply to him, the language limiting the period in which a person granted probation may be allowed to withdraw a guilty plea supports our conclusion that on appeal, the defendant should not be allowed to withdraw the guilty plea.

1192.5 admonition, and this was not merely a failure to advise of the consequences of the plea, defendant cannot be deemed to have waived his rights by silent acquiesence. Nor did he waive them expressly. As harmless error analysis is not applicable, defendant is entitled to a remedy. The error was raised for the first time on appeal. Therefore, the fine must be reduced to the minimum of $100.

## G. Conclusion

 In sum, we hold that when the defendant has not been advised of the fine before entering a *nonnegotiated* guilty plea, the error is waived if not raised at or before sentencing. If the error is timely raised, and the court finds it is reasonably probable the defendant would not have pleaded guilty if properly advised, the court must either reduce the fine to the statutory minimum of $100 or allow the defendant to withdraw the plea. Where the restitution fine significantly exceeds the terms of a *negotiated* plea, and the section 1192.5 admonition is not given, the error is not waived by acquiescence and may not be deemed harmless. Hence, the trial court must either reduce the fine to $100 or allow the defendant to withdraw the plea. Finally, if the error is raised after sentencing, as here on appeal, the proper remedy is generally to reduce the fine to the statutory minimum.

We stress that the rules announced herein apply to judicial error, and do not represent the norm. Courts and the parties should take care to consider restitution fines during the plea negotiations. The court should always admonish the defendant of the statutory minimum $100 and maximum $10,000 restitution fine as one of the consequences of *any* guilty plea, and should give the section 1192.5 admonition whenever required by that statute. Routine compliance with these requirements will obviate the need to apply the procedures set forth herein. We endorse the observation of the Court of Appeal in *People* v. *Melton, supra*, 218 Cal.App.3d at page 1409, footnote 2: "As a matter of encouragement to both the trial court and the prosecuting attorneys, we note that the stream of cases similar to this which reach the appellate courts would dry up if trial courts would either require defendants to sign a written change of plea form specifying all serious consequences of the plea [see *In re Ibarra* (1983) 34 Cal.3d 277, 284-286 (493 Cal.Rptr. 538, 666 P.2d 980)], or follow an informal 'script' in orally taking pleas. Where the court inadvertently omits to list or explain a significant factor, the prosecuting attorney should be alert to ensure that it is expressly brought to the defendant's attention." To this we add that whenever possible, any error in taking the plea should be brought to the attention of the court at sentencing so that it can be addressed expeditiously.

### III. DISPOSITION

The judgment of the Court of Appeal is reversed and remanded with directions to modify the judgment of the trial court by reducing the $5,000 restitution fine to $100 and to affirm it as modified.

Lucas, C. J., Mosk, J., Panelli, J., Kennard, J., Baxter, J., and George, J., concurred.