Filed 11/24/14  P. v. Cardenas CA2/6
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN DAVID CARDENAS,<br><br>  Defendant and Appellant. | 2d Crim. No. B255109<br>(Super. Ct. No. 2012035557)<br>(Ventura County) |

Jonathan David Cardenas appeals an order denying a motion to withdraw his plea as a Second Strike offender to attempted robbery (Pen. Code, §§  664/211)[1] with a prior serious felony conviction (§667. subd. (a)).  The trial court sentenced appellant to seven years eight months prison  but failed to strike an arming enhancement (§12202, subd. (b))(1)) and a prison prior enhancement (§ 667.5, subd. (b)) as agreed by the parties.  We modify the sentence to reflect that the arming and prison prior enhancements were stricken and affirm the judgment as modified.  The sentence remains the same: seven years, eight months state prison.

*Procedural History*

Appellant was charged with attempted robbery and use of a knife (§ 12202, subd. (b)(1)) after he vaulted over a store counter, held a knife to the clerk's throat, and demanded that the clerk open the store safe.  Appellant fled before the safe

---

[1] All statutory references are to the Penal Code.

was opened. Oxnard Police Officer Jose Velazquez identified appellant from a surveillance video and the clerk identified appellant from a photo.

The public defender declared a doubt concerning appellant's competency. (§ 1368.) Appellant was found competent to stand trial, made three *Marsden* requests (*People v. Marsden* (1970) 2 Cal.3d 118) which were denied, and was granted leave to represent himself (*Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562])*.* Ten weeks later*,* appellant waived his *Faretta* rights and the trial court reappointed the public defender.

Pursuant to an October 22, 2013, felony disposition statement, appellant pled no contest to attempted robbery and admitted the knife enhancement, a prior strike enhancement (§§ 667, subds. (c) & (e); 1170.12, subds. (a) & (c)), a prior serious felony conviction enhancement (§ 667, subd. (a)(1)), and a prison prior enhancement (§ 667.5, subd. (b)). When the change of plea of entered, counsel recited the plea terms on the record:

"[Deputy Public Defender Randy Tucker]: I've indicated to Mr. Cardenas that at the time of sentencing for purposes of the seven year, eight month sentence, the one-year 667.5(b) prior and the one-year personal use of a deadly weapon enhancement will be stricken. [¶] Have I said anything incorrect, your Honor?

"THE COURT: No. That's what is contemplated.

"MR. TUCKER: Do you have any other questions of me?

"THE DEFENDANT: No.

"MS. MALAN [Deputy District Attorney]: And, your Honor, for the record, the People were asking for eight years, eight months. I do understand the Court is inclined to give the defendant seven years, eight months but I wanted to put that on the record.

"THE COURT: Noted."

2

Before sentencing, the trial court granted appellant's *Marsden* motion to remove the public defender and appointed a conflict defense attorney. The trial court denied a motion to withdraw the plea and sentenced appellant to the low term of 16 months for attempted robbery, doubled the term based on the prior strike, and added five years on the serious felony conviction enhancement (§ 667, subd. (a)(1)).

After the notice of appeal was filed, appellant moved to correct the sentence. The trial court struck a $1,721 probation investigation fee but failed to strike the armed and prison prior enhancements.

*Sentencing Error*

Appellant argues, and the Attorney General agrees, that the trial court erred in not striking the armed enhancement and prior prison term enhancement. Before sentencing, the prosecution agreed that the two enhancements would be stricken but argued for an eight year eight month sentence. The trial court stated it "was willing to sign off on seven years eight months. And after reading the probation report, I'm still willing to do that . . . ." Although it admitted the knife-use allegation, the court assured counsel that it would strike the enhancement. The trial court sentenced appellant to seven years eight months prison but failed to strike the armed and prison prior enhancements.

Section 1192.5 provides that appellant cannot be sentenced to a punishment more serve than that specified in the plea. (*People v. Walker* (1991) 54 Cal.3d 1013, 1024-1025.) Enhancements that are found true or admitted "must be either imposed or stricken 'in furtherance of justice' under Penal Code section 1385. [Citations.] The trial court has no authority to stay an enhancement, rather than strike it - not, at least, when the only basis for doing either is its own discretionary sense of justice. [Citations.]" (*People v. Lopez* (2004) 119 Cal.App.4th 355, 364; see *People v. Langston* (2004) 33 Cal.4th 1237, 1241 [trial court may not stay mandatory prison prior enhancement unless it is stricken].)

3

We modify the judgment to reflect that the arming enhancement (§ 12202, subd. (b)(1)) and prison prior enhancement (§ 667.5, subd. (b)) were stricken. The clerk of the superior court is directed to amend the abstract of judgment to reflect the modification and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed,

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

4

David M. Hirsch, Judge

Superior Court County of Ventura

_____

California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner,Executive Director and Richard B. Lennon, Staff Attorney, for Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Shawn McGahey, Supervising Deputy Attorney General, Jonathan M. Krauss, Deputy Attorney General, for Plaintiff and Respondent.