Filed 3/7/16  P. v. Dozier CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C078630 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF 14-297, CRF 14-364) |
| v. | |
| RODNEY KEVIN DOZIER, | |
| Defendant and Appellant. | |

Following a plea bargain, defendant Rodney Kevin Dozier challenges the imposed sentence, arguing the trial court breached the negotiated plea agreement by requiring a six-month residential treatment program.  We agree and strike the offending requirement.

**PROCEDURAL BACKGROUND**

In exchange for dismissing various charges, defendant pleaded no contest to two counts in two separate cases:  sale or transportation of marijuana (Health & Saf. Code,

1

§ 11360, subd. (a); case No. CRF 14-297) and receipt of stolen property (Pen. Code, § 496, subd. (a); case No. CRF 14-364). The parties stipulated to a split sentence: the upper term of four years for the marijuana count, to be served on mandatory supervision, and eight months for receipt of stolen property, to be served in county jail.

At sentencing, the parties raised the possibility of defendant completing a six-month residential treatment program in lieu of the eight-month jail term. The prosecution explained: "[T]he plan right now is he is doing eight months in the county jail and then going on mandatory supervision. If he has a program, we would have no objection to him going into a program and being released on mandatory supervision for the completion of that program in lieu of the eight months. If he doesn't, obviously, then he knows where he is going and what he is doing."

The court, noting that probation had openings at some programs, asked defendant to enroll in a program by the time of sentencing: "So if that is what you are going to do, we need to have it in place at the time we sentence you." Defendant replied, "Okay," and the court agreed to "go along with counsel's agreement on what the sentence will be . . . ." The court later reiterated: "And if you want that program, I'm going to order it at judgment and sentencing, so make sure we have that."

But by sentencing, defendant had not enrolled in a residential program. His counsel explained: "He has applied to many. . . . And in the area, he did check out Pathways and the other local programs, but it cost quite a bit. He found some programs that were [$]6,000 a month, just wholly unaffordable for him. So he's going to be looking at Salvation Army and whatever resources they have. [¶] If not, he can do the eight months and then can begin his supervision. He understands he'll be under terms and conditions of supervision."

The court then imposed a 240-day term for receipt of stolen property and an upper term of four years for sale or transportation of marijuana to be served under mandatory

2

supervision. The court also imposed a requirement to "participate in and successfully complete a minimum of six-month residential treatment program after serving [the 240-day jail term]."

Defense counsel responded, "Your Honor, may the court consider making that at the discretion of Probation, something that he and Probation can talk about?" The court replied, "I can't do that, Counsel. It's a prison sentence."

The court continued: "[Defendant] is in dire need of a rehab. I'm going to order it. He had five pounds of marijuana. Something needs to be done to rectify this situation. He can either successfully complete the rehab or he can serve the rest of the four years. Five pounds. He has a history which needs to be addressed. I'm not just going to give him eight months for five pounds. And his criminal history, plus this was the agreed-upon resolution reached between the parties and myself. So it is part of the overall agreement that he is going to be addressing this issue. [¶] So I certainly note counsel's input, but I'm ordering the program, six-month rehab and any follow-up that they direct you to. [¶] Again, if he doesn't want to resolve this issue, he can spend the rest of his time in county jail."

The court did not admonish defendant, at sentencing or in taking his plea, that the court may withdraw its approval of the plea agreement, in which case defendant may withdraw his plea. Defendant signed a plea form in case No. CRF 14-297, which provided under the heading "Discovery of New Facts": "I understand that the plea agreement in item 2 . . . is based on the facts before the court, and if the court discovers new facts, such as an additional prior felony conviction not listed on this form, the court may refuse to accept the plea agreement. If the court discovers new facts and refuses to accept this plea agreement, I understand that I will be allowed to withdraw my plea."

Defendant reports that he has completed the eight-month jail term.

**DISCUSSION**

On appeal, defendant contends the trial court breached the plea agreement by imposing a significantly greater punishment than the court had previously approved. He urges that, because he has already performed his part of the bargain by serving eight months in county jail, the appropriate remedy is specific performance of the plea agreement.

"When a guilty plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement. The punishment may not significantly exceed that which the parties agreed upon." (*People v. Walker* (1991) 54 Cal.3d 1013, 1024 (*Walker*).) But not every deviation from the agreement is constitutionally impermissible. (*Ibid*.) "[T]he variance must be 'significant' in the context of the plea bargain as a whole to violate the defendant's rights. A punishment or related condition that is insignificant relative to the whole, such as a standard condition of probation, may be imposed whether or not it was part of the express negotiations." (*Ibid*.)

"Whether or not a defendant waives an objection to punishment exceeding the terms of the bargain by the failure to raise the point in some fashion at sentencing depends upon whether the trial court followed the requirements of [Penal Code] section 1192.5. That section provides in pertinent part that when a plea bargain is accepted by the parties and approved by the court, the defendant generally 'cannot be sentenced on such plea to a punishment more severe than that specified in the plea and the court may not proceed as to such plea other than as specified in the plea.' The court 'shall inform the defendant prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter, and (3)

4

in such case, the defendant shall be permitted to withdraw his plea if he desires to do so.' " (*Walker*, *supra*, 54 Cal.3d at pp. 1024-1025.)

But the statutory admonition need not be given orally; it may be recited in a plea form. (*In re Ibarra* (1983) 34 Cal.3d 277, 285; *People v. Quesada* (1991) 230 Cal.App.3d 525, 536.)

At the outset, we note that defendant has preserved this issue on appeal. Defendant was not admonished of his right to withdraw his plea under section 1192.5, when he pleaded no contest. And his plea form only indicated he could withdraw his plea if the court withdrew support based on the discovery of new facts. The record does not reflect that the deviation was based on new facts. Moreover, at sentencing, defense counsel effectively raised the issue "in some fashion" by asking the court to make the residential treatment program at probation's discretion. Under the circumstances, that was sufficient to preserve the issue. We thus proceed to the merits.

The terms of the plea agreement were unambiguous: Defendant would serve eight months in county jail, unless he enrolled in a residential treatment program. The imposed six-month residential treatment program requirement in addition to the eight-month jail term was in significant excess of the parties' agreement. The program significantly increased the time defendant would spend away from home. It may impose a substantial financial burden, as defense counsel alluded to. And the requirement raised the specter of serving the four-year term if defendant failed to complete the residential program. Whereas, under the plea agreement, the consequence of not completing the treatment program was serving the eight-month jail sentence.

Thus, the imposed treatment program requirement significantly exceeded the plea agreement, and its imposition was error.

The People argue, in the alternative, that if there was error, the proper remedy is to order defendant placed in a treatment program, or to remand for resentencing. But as defendant has already served his eight-month jail term, requiring treatment at this stage, or allowing resentencing, would contravene the plea agreement. Accordingly, the appropriate remedy is to strike the offending requirement to effect the negotiated plea agreement.

## DISPOSITION

We modify the judgment to strike the requirement that defendant complete a six-month residential treatment program. The trial court is directed to amend the conditions of mandatory supervision to reflect this change. The trial court is further directed to forward a certified copy to the probation officer of Yuba County. As modified, the judgment is affirmed.

      BUTZ      , J.

We concur:

    ROBIE    , Acting P. J.

    RENNER    , J.

6