Filed 5/4/22  In re Nicholas M. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re Nicholas M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NICHOLAS M.,<br><br>    Defendant and Appellant. | A163117<br><br>(Contra Costa County Super. Ct. No. J21-00170) |

**MEMORANDUM OPINION**[1]

In an amended juvenile wardship petition, the Marin County District Attorney alleged Nicholas M. committed misdemeanor oral copulation with another person under age 18.  (Welf. & Inst. Code, § 602; Pen. Code, §§ 287, subd. (b)(1), 17, subd. (b)(4).)  After Nicholas admitted the allegation, the Marin Juvenile Court sustained the petition; found him to be a person described in Welfare and Institutions Code section 602; and transferred the case to Contra Costa County, his county of residence, for disposition.  The Contra Costa Juvenile Court then declared him a ward and placed him on

---

[1] Cal. Stds. Jud. Admin., § 8.1; Ct. App., First Dist., Local Rules of Ct., rule 19.

probation, including a condition that he pay a $200 restitution fine. Though he did not object to the fine below, he now appeals, arguing it is an unauthorized sentence because the amount exceeds the statutory maximum. The People agree, and so do we.

The Arnold–Kennick Juvenile Court Law (Welf. & Inst. Code, § 200 et seq.) mandates the imposition of a restitution fine, as a condition of probation, on a minor whom the juvenile court finds is described in Welfare and Institutions Code section 602. (Welf. & Inst. Code, § 730.6, subds. (a)(2)(A), (b), (*l*).)[2] The court has discretion to set the amount without a separate hearing, though for a misdemeanant it cannot exceed $100. (Welf. & Inst. Code, § 730.6, subds. (b), (b)(2).)

Generally, the failure to object to a probation condition in the juvenile court forfeits any appeal. (*In re Sheena K.* (2007) 40 Cal.4th 875, 880–881 & fn. 1.) But a reviewing court can still correct an unauthorized sentence even if neither party objected below, if it has jurisdiction over the judgment. (*In re Sheena K.*, at p. 882, fn. 3; *In re G.C.* (2020) 8 Cal.5th 1119, 1129–1130.) An unauthorized sentence "is [one] that '[cannot] lawfully be imposed under any circumstance in the particular case' " (*In re G.C.*, at p. 1130), e.g., "a restitution fine in excess of the maximum amount permitted by the applicable statute" (*People v. Rivera* (2019) 7 Cal.5th 306, 348–349). The $200 restitution fine the juvenile court imposed here is one such.

The parties ask us to strike the fine and remand to the juvenile court to determine a legal amount; instead, given the small amount of money at issue, we will modify the amount and affirm the order as modified. (Pen. Code, § 1260.) "To avoid the anomaly of restitution fines costing more money than

---

[2] Subject to two exceptions, both inapplicable here. (Welf. & Inst. Code, § 730.6, subds. (f), (g).)

they generate" (*People v. Walker* (1991) 54 Cal.3d 1013, 1029), "[w]hen a trial court imposes fines in excess of the statutory maximum, the proper remedy is to modify the judgment to reduce the fines to the statutory maximum" (*People v. Rivera, supra*, 7 Cal.5th at p. 349).  (See *In re G.C., supra*, 8 Cal.5th at p. 1130 [unauthorized sentences are "errors [that] 'present[] "pure questions of law" . . . and [are] " 'clear and correctable' independent of any factual issues . . . at sentencing" ' and without 'remanding for further findings' " (1st bracketed insertion added)]; Welf. & Inst. Code, § 730.6, subd. (e) ["Express findings . . . bearing on the amount of the fine shall not be required"].)

## DISPOSITION

We modify the Contra Costa Superior Court's disposition order of June 1, 2021, to reduce the restitution fine to $100.  We affirm the order as modified.

_____
Jackson, P. J.

WE CONCUR:

_____
Simons, J.

_____
Burns, J.

A163117/*People v. Nicholas M.*

3