[No. A056146. First Dist., Div. Five. Oct. 7, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
EDWARD CHARLES DeFILIPPIS, Defendant and Appellant.

**COUNSEL**

Scott F. Kauffman, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Violet M. Lee and Sharon G. Birenbaum, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KING Acting P. J.—** In this case we hold that if a plea bargain does not specify punishment and the defendant is not advised of an obligatory restitution fine, the imposition of a restitution fine above the statutory minimum violates only the right to be advised as to the direct consequences of the plea, not the plea bargain itself, and thus the error is waived if not raised at or before sentencing.

An amended information charged Edward Charles DeFilippis with 15 counts of insurance fraud (Ins. Code, § 1871.1, subd. (a)(1), Ins. Code, former § 556 repealed in 1989) and one count of preventing or dissuading a witness from testifying by force or threat (Pen. Code, § 136.1, subd. (c)(1)). Pursuant to a plea bargain, DeFilippis pleaded no contest to four counts of insurance fraud. In exchange for the pleas, the remaining counts were dismissed.

The plea bargain did not specify any punishment. (See Pen. Code, § 1192.5.) Defense counsel merely stated his "understanding, though not a binding commitment" that DeFilippis would be sentenced concurrently on proceedings pending in another county, and his further "understanding the maximum for four counts is eight years" (i.e., assuming aggravated and consecutive sentencing).

When accepting the plea, the judge advised DeFilippis that "it would ultimately be the court who will decide what your sentence will be." The judge further advised that "at this time the court has not made a decision as to what your sentence will be in your case. . . . [T]he matter would be referred to the probation department for a report and recommendation to this court and the court would only impose sentence after reviewing and considering the probation department recommendation but would not be obligated to follow the recommendation . . . ."

The judge did not give an advisement that he would be required to impose a restitution fine of not less than $100 and not more than $10,000. (Gov. Code, § 13967, subd. (a).)

The judge subsequently imposed a six-year prison sentence, consisting of a midterm of three years plus three consecutive subordinate one-year terms. The judge also ordered DeFilippis to pay a restitution fine of $500. DeFilippis never objected below to the imposition of the restitution fine.

DeFilippis contends the restitution fine must be reduced to $100 under compulsion of *People* v. *Walker* (1991) 54 Cal.3d 1013 [1 Cal.Rptr.2d 902,

819 P.2d 861], because the judge never advised him that by pleading no contest he would be obligated to pay a restitution fine.

Two distinct principles were involved in *Walker*. ■ First, when defendants plead guilty or no contest they must be admonished of and waive their constitutional rights and must be advised of the direct consequences of the plea, including the obligation to pay a restitution fine. Second, the parties to a plea bargain must adhere to its terms. (*Walker, supra,* 54 Cal.3d at pp. 1020, 1022.)

The decision in *Walker* determined the correct appellate response when either or both of these principles are violated. The Supreme Court held, in pertinent part, as follows: If a defendant was *not advised of the consequences of a plea,* the error is waived if not raised at or before sentencing, and if not waived is subject to harmless error analysis by the sentencing court. (*Walker, supra,* 54 Cal.3d at p. 1023.) If a *plea bargain is violated* through imposition of punishment exceeding the terms of the bargain, the error is waived by failure to object at sentencing if the court had advised the defendant of the right to withdraw the plea upon court withdrawal of plea approval (see Pen. Code, § 1192.5), but is not waived by failure to object and is not subject to harmless error analysis if that advisement was not given. (*Walker, supra,* at pp. 1024-1026.) If a restitution fine exceeding the statutory $100 minimum is imposed in violation of a plea bargain, and the error was not waived, the appropriate remedy on appeal is reduction of the fine to $100. (*Id.,* at pp. 1026-1029.)

In his opening brief, DeFilippis fails to distinguish between the two types of errors described in *Walker*. He asserts the court's failure to warn him of all consequences of the pleas, but relies on the portion of *Walker* permitting assertion of the violation of a plea bargain despite failure to object at sentencing.

■ The only error here was a failure to advise. There was no violation of the plea bargain. The sole term of the bargain was that upon pleas to four counts, the remaining counts would be dismissed. That term was honored. The bargain did not specify punishment. The judge specifically advised that he would make the sentencing determination and had not yet done so. There was no agreed maximum sentence (see *Walker, supra,* 54 Cal.3d at p. 1024); defense counsel merely mentioned the maximum period that was statutorily possible. Absent any agreement as to punishment, the imposition of the restitution fine did not violate the plea bargain.

With the only error being a failure to advise of a consequence of the pleas, the waiver rule applies. DeFilippis did not object to imposition of the

restitution fine at or before sentencing. Thus, he may not assert the error on appeal. (*Walker, supra,* 54 Cal.3d at pp. 1023, 1029.)

The judgment is affirmed.

Haning, J., and Walker, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied January 13, 1993.

---

*Judge of the Napa Superior Court sitting under assignment by the Chairperson of the Judicial Council.