[No. H026484. Sixth Dist. Oct. 6, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
DOMINIC DICKERSON, Defendant and Appellant.

## COUNSEL

William M. Robinson under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General Robert A. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Rene A. Chacon and Ryan B. McCarroll Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WALSH, J.**—A criminal defendant resolved three cases involving six felony charges by a plea agreement that cut his possible prison time in half, with a guaranteed maximum and minimum of 12 years. Before entering his no contest pleas, the defendant acknowledged that the court "must impose a restitution fine of between $200 and $10,000." At sentencing, without objection by the defendant, the court imposed restitution fines totaling $6,800 as calculated in the probation report pursuant to a formula recommended by the Legislature in Penal Code section 1202.4, subdivision (b)(2).[1] The court imposed a suspended fine in the same amount under section 1202.45. We will conclude, among other things, that the defendant has not demonstrated that imposition of these fines violated the terms of his plea agreement.

### THE PROCEEDINGS

In case No. CC271090 (case 1), defendant Dominic Dickerson was charged with second degree robbery (§§ 211–212.5, subd. (c)) involving personal use of a handgun (§§ 12022, subd. (a)(1), 12022.53, subd. (b)), carjacking (§ 215), and armed assault (§ 245, subd. (a)(2)) involving personal use of a firearm (§§ 667, 1192.7), all occurring on October 27, 2002. In case No. CC267815 (case 2), defendant was charged with possessing cocaine base for sale (Health & Saf. Code, § 11351.5) and second degree robbery involving personal use of a knife (§ 12022, subd. (b)(1)), both on November 19,

---

[1] Unspecified section references are to the Penal Code. Unspecified subdivision references are to section 1202.4.

2002. In case No. CC271924 (case 3), defendant was charged with battery while an inmate on a noninmate (§ 4131.5) involving personal infliction of great bodily injury (§ 12022.7, subd. (a)) on November 21, 2002.

On May 1, 2003, the court announced that defendant would be resolving the three cases by the following plea: defendant would admit all allegations and plead no contest to all counts except carjacking; the maximum penalty could have been 24 years and 4 months, but defendant would receive a sentence of "12 years, no more, no less." Defendant answered "no" when the court asked, "Anyone promise you anything besides what we just talked about to make you resolve these cases?"

Defendant waived his rights of cross-examining the witnesses, compelling attendance of witnesses, and remaining silent. He waived his right to a trial. Defendant was advised that he would be on parole for up to three years when released. The court further advised: "If you owe any restitution, I'll order that you pay it." "I could impose fines up to $50,000." "I must impose a restitution fine of between $200 and $10,000." Defendant acknowledged each of these statements by the court. After these admonitions, defendant entered no contest pleas to the charges and admitted the allegations.

The court did not give defendant a section 1192.5 admonition[2] and did not specifically mention under which statutes restitution fines might be imposed.

The prosecutor agreed to a waived referral to probation. The court ordered a referral "for notification of victim, computation of restitution, and computation of credits."

The probation report prepared for sentencing recommended, among other things, the following restitution fines, pursuant to the formula in section 1202.4, subdivision (b): $4,800 for case 1, $1,200 for case 2, and $800 for case 3. The probation report also recommended that identical fines be imposed and suspended under section 1202.45 and that additional restitution was to be determined by the court. The report recommended two $10 fines under section 1202.5 in cases 1 and 2, and in case 2 a $50 criminal laboratory analysis fee under Health and Safety Code section 11372.5 and a $150 drug program fee, plus penalty assessment, under Health and Safety Code section 11372.7.

On June 3, 2003, the matter was submitted for sentencing. The court sentenced defendant to 12 years in prison, consisting of a two-year mitigated term for the robbery in case 1, enhanced by 10 years for personal use of a

---

[2] We quote this admonition in footnote 13, *post.*

firearm, with other concurrent terms of two years for the assault in case 1, four years, four months for case 2, and three years for the battery in case 3. Without objection by defendant, the court imposed all the recommended fines and ordered that additional restitution should be determined. The court imposed restitution fines totaling $6,800 and additional fines in the same amount, which the court specifically stated were "imposed and suspended pursuant to Section 1202.45 of the Penal Code."

THE RESTITUTION FINE STATUTES

We summarize the pertinent parts of section 1202.4, a statute currently containing over 2,900 words.

■ The current statute mandates judicial imposition of both a restitution fine (subd. (a)(3)(A)) and restitution to the crime victim (subd. (a)(3)(B)) whenever a person is convicted of a crime.[3] The trial court shall impose the restitution fine "unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record." (Subds. (b), (c).) In the absence of extraordinary reasons, a minimum fine of $200[4] is mandatory after a felony conviction (subds. (b)(1), (c), (d)) "even in the absence of a crime victim." (*People v. Hanson* (2000) 23 Cal.4th 355, 362 [97 Cal.Rptr.2d 58, 1 P.3d 650].)[5] The sentencing court has discretion to impose a fine of up to $10,000 in light of all relevant factors.[6] "Express findings by the court as to

___

[3] The former statutory scheme allowed for making victim restitution payments in lieu of the restitution fine (former Gov. Code, § 13967, subd. (c); Stats. 1986, ch. 1438, § 1, p. 5141; former § 1202.4, subd. (f); Stats. 1994, ch. 1106, § 3, p. 6549) as this court noted in *People v. Kwolek* (1995) 40 Cal.App.4th 1521, 1536 [48 Cal.Rptr.2d 325], but this provision was eliminated from subdivision (f) effective August 3, 1995. (Stats. 1995, ch. 313, § 5, p. 1755; *People v. Blackburn* (1999) 72 Cal.App.4th 1520, 1534–1535 [86 Cal.Rptr.2d 134].)

[4] The minimum fine, formerly stated in Government Code section 13967, subdivision (a) was $100 (Stats. 1983, ch. 1092, § 135.2, p. 3998) until it was increased to $200 in 1993 (Stats. 1992, ch. 682, § 4, p. 2922). The upper limit has remained the same.

[5] We note that the California Supreme Court has repeatedly described the minimum restitution fine as mandatory. (*People v. Hanson, supra,* 23 Cal.4th at p. 362; *People v. Walker* (1991) 54 Cal.3d 1013, 1027 [1 Cal.Rptr.2d 902, 819 P.2d 861] (*Walker*).) However, presumably because the fine need not be imposed in extraordinary cases and the amount is discretionary, the court has also characterized the fine as a "discretionary sentencing choice" for purposes of the waiver doctrine. (*People v. Tillman* (2000) 22 Cal.4th 300, 303 [92 Cal.Rptr.2d 741, 992 P.2d 1109]; *People v. Smith* (2001) 24 Cal.4th 849, 853 [102 Cal.Rptr.2d 731, 14 P.3d 942].)

[6] Subdivision (d) provides in part: "the court shall consider any relevant factors including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered any losses as a result of the crime, and the number of victims involved in the crime. Those losses may include pecuniary losses to the victim or his or her dependents as well as intangible losses, such as psychological

the factors bearing on the amount of the fine shall not be required. A separate hearing for the fine shall not be required." (Subd. (d).)

■ A defendant's inability to pay is relevant only to the question of how much over $200 the fine should be. (Subd. (c).)[7] The burden is on the defendant to demonstrate his or her inability to pay. (Subd. (d).)[8]

■ Since 1996, the statute has included a recommended formula for calculating the fine. "In setting a felony restitution fine, the court may determine the amount of the fine as the product of two hundred dollars ($200) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." (Subd. (b)(2), added by Stats. 1995, ch. 313, § 5, p. 1756.)

■ Since August 3, 1995, an "additional restitution fine" duplicating the amount of the restitution fine is mandatory. (§ 1202.45.)[9] This fine takes effect only if parole is revoked.

CALIFORNIA SUPREME COURT PRECEDENT

In *Walker, supra,* 54 Cal.3d 1013, the California Supreme Court resolved a conflict "over the proper means of remedying the erroneous imposition of a restitution fine." (*Id.* at p. 1018.) In that case the defendant agreed to a plea bargain whereby one of two felony charges would be dropped and he would receive a five-year prison sentence. (*Id.* at pp. 1018–1019.) The trial court advised the defendant that the maximum legal penalties were seven years in

---

harm caused by the crime." The fine should be "commensurate with the seriousness of the offense." (Subd. (b)(1).)

[7] "[T]he defendant's ability to pay" was briefly a consideration in imposing any fine (former Gov. Code, § 13967, subd. (a), added by Stats. 1992, ch. 682, § 4, p. 2922), but that provision was eliminated when the bulk of former Government Code section 13967 was incorporated in section 1202.4 in 1994. (Stats. 1994, ch. 1106, §§ 2, 3, p. 6549; *People v. Barnett* (1998) 17 Cal.4th 1044, 1182, fn. 100 [74 Cal.Rptr.2d 121, 954 P.2d 384].)

[8] While imprisonment may limit a defendant's inability to pay counsel (§ 987.8, subd. (g)(2)(B)), it does not establish an inability to pay a restitution fine. Section 2085.5 provides for collecting restitution fines from prison wages. The Director of Corrections is entitled to an administrative fee for this collection. (§ 2085.5, subd. (c).)

[9] Section 1202.45 states: "In every case where a person is convicted of a crime and whose sentence includes a period of parole, the court shall at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. This additional parole revocation restitution fine shall be suspended unless the person's parole is revoked."

The imposition of this fine is not a discretionary sentencing choice. (*People v. Smith, supra,* 24 Cal.4th at p. 853.) Accordingly, an error in a parole revocation fine may be raised and corrected on appeal without a prior objection in the trial court. (*Id.* at pp. 853–854.)

prison and a fine of up to $10,000. (*Id.* at p. 1019.) The trial court was apparently referring to the discretionary $10,000 penal fine generally available under section 672[10] after any felony conviction for which no other fine was prescribed. (*Walker, supra,* at p. 1019.) The sentencing court in *Walker* did not advise the defendant of the mandatory restitution fine of at least $100 and no more than $10,000. (*Ibid.*) Immediately after the guilty plea, the court sentenced the defendant to five years in prison. A probation report prepared before the plea recommended a $7,000 restitution fine. The court imposed a $5,000 restitution fine without objection by the defendant. (*Ibid.*)

■ The California Supreme Court explained that two "related but distinct legal principles" were involved. (*Walker, supra,* 54 Cal.3d at p. 1020.) One was " 'a judicially declared rule of criminal procedure' " (*id.* at p. 1022) that, before entering a guilty plea, a defendant be judicially advised "of the direct consequences of the plea." (*Id.* at p. 1020.) The court concluded that "[a] possible $10,000 restitution fine constitutes such a direct consequence. Thus, before taking any guilty plea a trial court should advise the defendant of the minimum $100 and maximum $10,000 restitution fine." (*Id.* at p. 1022.) The court further concluded that such an error may be forfeited[11] by the lack of a timely objection. "[W]hen the only error is a failure to advise of the consequences of the plea, the error is waived if not raised at or before sentencing." (*Id.* at p. 1023.) The court found that this error was waived. (*Id.* at p. 1029.)

■ The other legal principle was that "the parties must adhere to the terms of a plea bargain." (*Walker, supra,* 54 Cal.3d at p. 1020.) "The punishment may not significantly exceed that which the parties agreed upon." (*Id.* at p. 1024; cf. § 1192.5.[12]) The court concluded that a restitution fine "qualifies as punishment for this purpose. Accordingly, the restitution fine

---

[10] Section 672 states: "Upon a conviction for any crime punishable by imprisonment in any jail or prison, in relation to which no fine is herein prescribed, the court may impose a fine on the offender not exceeding one thousand dollars ($1,000) in cases of misdemeanors or ten thousand dollars ($10,000) in cases of felonies, in addition to the imprisonment prescribed."

[11] *Walker* talked in terms of "waiver," but "forfeiture" is technically more correct. *People v. Simon* (2001) 25 Cal.4th 1082 [108 Cal.Rptr.2d 385, 25 P.3d 598] explained at page 1097, footnote 9: "In this context, as in others, the terms 'waiver' and 'forfeiture' long have been used interchangeably. As the United States Supreme Court has explained, however, '[w]aiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the "intentional relinquishment or abandonment of a known right." [Citations.]' (*United States v. Olano* (1993) 507 U.S. 725, 733 [123 L.Ed.2d 508, 113 S.Ct. 1770].)"

[12] Section 1192.5 states in the second paragraph: "Where the plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant, except as otherwise provided in this section, cannot be sentenced on the plea to a punishment more severe than that specified in the plea and the court may not proceed as to the plea other than as specified in the plea."

should generally be considered in plea negotiations." (*Walker, supra,* at p. 1024.)

■ Regarding when a defendant might forfeit a contention that the punishment exceeded the bargain, the court held that, if a defendant was given a section 1192.5 admonition[13] "and the defendant does not ask to withdraw the plea or otherwise object to the sentence, he has waived the right to complain of the sentence later." (*Walker, supra,* 54 Cal.3d at p. 1026.) On the other hand, "[a]bsent compliance with the section 1192.5 procedure, the defendant's constitutional right to the benefit of his bargain is not waived by the mere failure to object at sentencing." (*Id.* at p. 1025.) *Walker* concluded that since the defendant in that case had not received a section 1192.5 advisement, he was able to assert on appeal that "the $5,000 restitution fine was a significant deviation from the negotiated terms of the plea bargain." (*Walker, supra,* at p. 1029.)[14] The remedy for this violation was to reduce the restitution fine to the mandatory minimum, then $100, rather than remanding the case for a redetermination of the fine. (*Id.* at pp. 1028–1030.)

■ Later cases clarify the application of *Walker.* In deciding whether the punishment exceeds the bargain, a court must first establish the terms of the bargain. In companion cases, the California Supreme Court explained: "In *Walker,* the offense to which the defendant had agreed to plead guilty carried a potential seven-year sentence and a $10,000 punitive fine, but under the negotiated plea agreement the defendant was to receive a five-year term of imprisonment and no punitive fine. At the subsequent sentencing hearing, the trial court imposed the agreed-upon five-year sentence but also a substantial ($5,000) restitution fine. [¶] In concluding that the imposition of such a substantial fine constituted a violation of the plea agreement in *Walker,* we implicitly found that the defendant in that case reasonably could have understood the negotiated plea agreement to signify that no substantial fine would be imposed." (*In re Moser* (1993) 6 Cal.4th 342, 356 [24 Cal.Rptr.2d 723, 862 P.2d 723] (*Moser*); *People v. McClellan* (1993) 6 Cal.4th 367, 379–380 [24 Cal.Rptr.2d 739, 862 P.2d 739] (*McClellan*).)

In *Moser,* the court concluded that the parole term was not a subject of the plea agreement. "Based solely upon the record of the plea proceedings, it

---

[13] The third paragraph of section 1192.5 requires a court to advise a defendant "prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter, and (3) in that case, the defendant shall be permitted to withdraw his or her plea if he or she desires to do so."

[14] *Walker* does contemplate that insignificant deviations from the plea agreement do not violate it. (*Walker, supra,* 54 Cal.3d at p. 1024.) The opinion warned, however, that, "Courts should generally be cautious about deeming nonbargained [for] punishment to be insignificant." (*Id.* at p. 1027, fn. 3.)

would appear that the indicated length of the parole term was not a part of the plea agreement, but simply constituted a misadvisement by the trial court. As set forth above, prior to accepting petitioner's plea of guilty, the trial court recited on the record the terms of the parties' plea agreement, noting that petitioner had agreed to plead guilty to the lesser charge of second degree murder in exchange for the People's agreement to forgo a trial on the first degree murder charge and to dismiss the firearm-use allegation. The trial court inquired of petitioner whether the court's statement was an accurate recitation of the plea agreement, and he responded affirmatively. Nothing in the record indicates that the length of the parole term, improperly described by the trial court, was an element of the parties' plea negotiations and resulting agreement so as to render imposition of the lifetime period of parole mandated by statute a violation of the plea agreement." (*Moser, supra*, 6 Cal.4th at p. 356.) The court noted that lifetime parole is mandatory for those convicted of second degree murder and accordingly would not be subject to negotiation. "[I]f (as appears from the record) the subject of parole was not encompassed by the parties' plea negotiations, imposition of the statutorily mandated term of parole would not constitute a violation of the parties' plea agreement." (*Id.* at p. 357.) The court remanded the case for further proceedings on the question "whether the length of petitioner's term of parole was an element of the plea negotiations." (*Id.* at p. 358.)

In *McClellan*, the court noted that "[t]he statutory requirement of sex offender registration was not mentioned by the parties or by the court" when the trial court recited the plea agreement. (*McClellan, supra*, 6 Cal.4th at p. 379.) Further, the defendant did not argue that registration was a subject of the plea negotiations. (*Ibid.*) Registration is mandatory and "not a permissible subject of plea agreement negotiation." (*Id.* at p. 380.) "Because the registration requirement is statutorily mandated for every person convicted of assault with intent to commit rape, that requirement was an inherent incident of defendant's decision to plead guilty to that offense and was not added 'after' the plea agreement was reached." (*Ibid.*) It is not a violation of a plea agreement if "a statutorily mandated consequence of a guilty plea is not embodied specifically within the terms of a plea agreement." (*Id.* at p. 381.)

### 1. Did The Fines Violate Defendant's Plea Bargain?

On appeal defendant "contends that the restitution fines imposed under sections 1202.4, subdivision (b) and 1202.45 must be reduced to the statutory minimum of $200 under the compulsion of" *Walker*. There was an error in "the failure to include, as part of the plea bargain, the discretionary imposition of the restitution fine." Defendant does not object to the other fines

imposed under section 1202.5 or Health and Safety Code sections 11372.5 and 11372.7.[15]

Defendant relies on *Walker* as establishing that "[t]he imposition of a restitution fine is a punishment which must be part of the plea bargain." We believe "[t]his argument rests upon an erroneous, overbroad reading of *Walker.*" (*Moser, supra,* 6 Cal.4th 342, 356.)

 *Walker held* that "[t]he court should always admonish the defendant of the statutory minimum $100 and maximum $10,000 restitution fine as one of the consequences of *any* guilty plea, and should give the section 1192.5 admonition whenever required by that statute." (*Walker, supra,* 54 Cal.3d 1013, 1030.) *Walker recommended* that "[c]ourts and the parties should take care to consider restitution fines during the plea negotiations." (*Ibid.*) The court "implicitly found that the defendant *in that case* reasonably could have understood the negotiated plea agreement to signify that no substantial fine would be imposed." (*Moser, supra,* 6 Cal.4th at p. 356, italics added; *McClellan, supra,* 6 Cal.4th at pp. 379–380.)

 But *Walker* should not be understood as finding that the restitution fine has been and will be the subject of plea negotiations in every criminal case. "The parties to a plea agreement are free to make any lawful bargain they choose." (*People v. Buttram* (2003) 30 Cal.4th 773, 785 [134 Cal.Rptr.2d 571, 69 P.3d 420].) *Walker* does not prohibit criminal defendants from striking whatever bargains appear to be in their best interests, including leaving the imposition of fines to the discretion of the sentencing court.

The First District Court of Appeal (Div. Five) recognized this limitation in *People v. DeFilippis* (1992) 9 Cal.App.4th 1876 [12 Cal.Rptr.2d 431], where the court held that "if a plea bargain does not specify punishment and the defendant is not advised of an obligatory restitution fine, the imposition of a restitution fine above the statutory minimum violates only the right to be advised as to the direct consequences of the plea, not the plea bargain itself, and thus the error is waived if not raised at or before sentencing." (*Id.* at p. 1878.) In that case the defendant entered a plea bargain that "did not specify any punishment." (*Ibid.*) On appeal he complained about the trial

---

[15] Perhaps this is because the laboratory analysis fee of Health and Safety Code section 11372.5 has been held to be mandatory, "de minimis," and not a violation of a defendant's plea bargain. (*People v. Turner* (2002) 96 Cal.App.4th 1409, 1414 [118 Cal.Rptr.2d 99].) On the other hand, the imposition of a laboratory fee and a drug program fee under Health and Safety Code section 11372.7 with other fines totaling $1,100 was deemed a significant violation of a plea bargain in *People v. Clark* (1992) 7 Cal.App.4th 1041, 1050–1051 [9 Cal.Rptr.2d 726].

court's imposition of a restitution fine of $5,000. The appellate court concluded, "Absent any agreement as to punishment, the imposition of the restitution fine did not violate the plea bargain" and the waiver rule applied. (*Id.* at p. 1879.)

To demonstrate that defendant's plea bargain excluded imposition of a substantial restitution fine, he points out that the court "said nothing whatsoever about a restitution fine being imposed" when reciting the plea agreement. In our view, this simply shows that the parties reached no agreement on the imposition or amount of any fine. "[I]t would appear that [this topic] was not a part of the plea agreement." (*Moser, supra,* 6 Cal.4th 342, 356.) Indeed, when asked by the court, defendant denied that any promises had been made other than fixing the prison term. The court's omission of another term cannot transform it "into a term of the parties' plea agreement." (*McClellan, supra,* 6 Cal.4th 367, 379, italics omitted; cf. *People v. Lopez* (1998) 66 Cal.App.4th 615, 636 [78 Cal.Rptr.2d 66] [no evidence that omission of standard gang probation condition was part of the plea bargain].) This omission does not imply that there was an agreement on no fine or a minimum fine. Instead, this omission is among the circumstances suggesting to us that the parties in this case expressly or implicitly agreed to leave the imposition and amount of restitution fines to the court's discretion.

We find further confirmation in the fact that defendant acknowledged before entering his pleas that the court "must impose a restitution fine of between $200 and $10,000." If the minimum fine was a term of his plea bargain, presumably defendant or his attorney would have questioned this judicial advice. Defendant suggests that this advice was like the court informing defendant of the maximum punishment he faced in the absence of a plea bargain. The analogy would be apt if the court had advised defendant that the maximum fine he faced was $10,000, but that he would be paying less pursuant to the bargain. There was no such advice here, presumably because that was not the agreement.

The probation report also notified defendant that he was facing restitution fines of $6,800 under the formula recommended in section 1202.4. (*People v. Phillips* (1994) 25 Cal.App.4th 62, 74–75 [30 Cal.Rptr.2d 321] [probation report notified the defendant that reimbursement of attorney fees was sought].) At sentencing neither defendant nor his attorney objected to this recommendation or to the court's imposition of these fines. If these substantial restitution fines violated defendant's plea bargain, defendant or his attorney could be expected to have so objected at sentencing. (*Id.* at p. 75.) In this context we mention the lack of objection, not to establish forfeiture or waiver, but to demonstrate that nobody in the trial court seemed to think that the imposition of restitution fines totaling $6,800 violated the terms of the bargain.

 Unlike *People v. DeFilippis, supra,* 9 Cal.App.4th 1876, this is not a case of an open plea where the punishment was entirely unspecified by the plea agreement. Nor is this a case where the agreement was that the prison sentence would be imposed within an agreed range. (Cf. *People v. Buttram, supra,* 30 Cal.4th at pp. 777–778.) However, all the circumstances indicate that the parties to the plea bargain were concerned with reaching an agreement specifying defendant's term of imprisonment. *Walker* did not require them to negotiate—whether to resolution or impasse—regarding the imposition or amount of restitution fines. It appears the parties at least implicitly agreed that additional punishment in the form of statutory fines and fees would be left to the discretion of the sentencing court. Accordingly, we conclude that defendant has not established that the sentencing court's imposition of restitution fines pursuant to the statutory formula violated his plea agreement.[16]

## 2. Did The Court Fail To Advise Defendant Of The Section 1202.45 Fines?

Defendant also objects that the trial court provided "no advisements whatsoever" as to the additional restitution fines available under section 1202.45 (quoted in fn. 9, *ante,* p. 1380).

It is true that the trial court, at the change of plea hearing, did not fully explain that a restitution fine of $200 was mandatory under section 1202.4 in the absence of extraordinary circumstances and that the restitution fine could be up to $10,000 and that an additional fine in the same amount must be imposed under section 1202.45. Indeed, the court did not cite code sections at all in advising defendant that it "must impose a restitution fine of between $200 and $10,000."

Though no code section was cited at the hearing, the probation report specifically invoked both statutes in recommending a formula restitution fine of $6,800. The court specifically cited section 1202.45 in imposing suspended fines totaling $6,800. Defendant did not object that the court had failed to advise him of these fines.

 Above we have concluded that defendant has not established that the imposition of the section 1202.45 fine violated his plea bargain. Accordingly his remaining complaint is simply of omitted advisement. When the complaint is simply that advisement of a direct consequence of a plea was omitted, and not that the plea bargain was breached, this "error is waived if

---

[16] Since there was no deviation from the plea agreement, we need not resolve the parties' argument over the significance of the deviation.

not raised at or before sentencing." (*Walker, supra,* 54 Cal.3d 1013, 1023.) Since defendant did not object at sentencing, we conclude that this advisement objection was forfeited.

DISPOSITION

The judgment is affirmed.

Premo, Acting P. J., and Bamattre-Manoukian, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 19, 2005. Werdegar, J., was of the opinion that the petition should be granted.