Filed 9/19/13  P. v. Richardson CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VERNON RICHARDSON,<br><br>    Defendant and Appellant. | 2d Crim. No. B243525<br>(Super. Ct. No. MA055583)<br>(Los Angeles County) |

Vernon Richardson appeals the judgment entered after a jury convicted him of possessing a weapon in a penal institution (Pen. Code,[1] § 4502, subd. (a)).  In a bifurcated proceeding, appellant admitted suffering two prior strike convictions (§§ 667, subds. (b) – (i), 1170.12, subds. (a) – (d)).  The trial court sentenced him to 25 years to life in state prison.  The court also imposed various fines and fees, including a $5,000 restitution fine (§ 1202.4, subd. (b)), and a $5,000 parole restitution fine (§ 1202.45), the latter of which was stayed with the stay to become permanent on the successful completion of parole.

Appellant was found in possession of a six-inch sharpened metal rod while in custody as a state prison inmate.  Appellant testified that he carried the weapon

---

[1] All further statutory references are to the Penal Code.

because he had received threats and suffered prior attacks from other inmates, some of whom were gang members.  He did not believe that the prison staff would protect him because he was in prison for attacking a police officer.

We appointed counsel to represent appellant in this appeal.  After counsel's examination of the record, he filed an opening brief in which no issues were raised.  We thereafter advised appellant that he had 30 days within which to personally submit any contentions or issues he wished us to consider.  In a timely response, appellant stated that appointed counsel had yet to send him the record on appeal.  He asserts that this precluded him from "mak[ing a] prima facie showing on . . . the Court['s] request to file a Supplemental Brief," then goes on to allege that (1) the court violated his rights to due process and a fair trial by modifying the jury instructions on the defense  of necessity (CALCRIM No. 3403); (2) his first appointed trial attorney was ineffective; and (3) the court erred in denying his second attorney's request for a continuance to give counsel time to obtain a copy of appellant's "C" (central) file.  He also asks us to either reduce or eliminate the restitution fine based on his inability to pay.

Appellant subsequently sent another letter stating that although he now had the record on appeal, he was unable to file a more thorough supplemental brief because the prison's law librarian was denying him "full access" to the law library due to the fact he is represented by counsel.  He also briefly reiterates his earlier claims of instructional error and ineffective assistance.  We subsequently gave appellant until April 30, 2013, to file and serve a supplemental brief.  Appellant did not further respond.

Appellant has failed to identify any arguable issues for appeal.  He relied at trial on the affirmative defense of necessity, based on the allegation that the weapon found in his possession was necessary for his protection.  The jury was instructed pursuant to CALCRIM No. 3403 that in order to establish the defense, appellant had to prove among other things that "[h]e acted in an emergency to prevent a significant bodily harm or evil to himself."  During deliberations, the jury asked the court:  "In section 3403, No. 1, is the emergency defined as immediate or possible, in other words is it an immediate emergency or a possible (future) emergency or potential emergency?"  The

2

court's instruction was a correct statement of the law. (*People v. Galambos* (2002) 104 Cal.App.4th 1147, 1162-1163.)

To establish ineffective assistance of counsel, appellant must show (1) that his counsel's representation fell below an objective standard of reasonableness, and (2) a reasonable probability that appellant would have obtained a more favorable result but for counsel's deficient performance. (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 694.) Appellant's claim of ineffective assistance faults his first attorney for failing to obtain a copy of appellant's "C" file. Appellant asserts that this evidence was essential to his case because it would "show how the Department of Corrections [has] been retaliating against me because of my commitment offense," which would thereby "show the jury why I felt I could not go to the staff for protection." Aside from the speculative nature of this claim, appellant's necessity defense was fatally undermined by the absence of any evidence that he faced an imminent threat of harm. He thus fails to establish either deficient performance or prejudice. (*Ibid.*) This also effectively disposes of appellant's claim that the court erred in denying his second attorney's request for a continuance so that he could obtain appellant's "C" file. (*People v. Doolin* (2009) 45 Cal.4th 390, 450 [erroneous denial of a continuance does not warrant reversal absent a showing of prejudice].)

Appellant forfeited the right to challenge the restitution fine on direct appeal by failing to object below. (See, e.g., *People v. Nelson* (2011) 51 Cal.4th 198, 227; *People v. Gamache* (2010) 48 Cal.4th 347, 409.) In any event, appellant fails to establish that he is unable to pay the fine from wages he can earn while in prison. (See *People v. Dickerson* (2004) 122 Cal.App.4th 1374, 1380, fn. 8 [restitution fines may be collected from prison wages].)

Finally, appellant fails to demonstrate that he has been denied adequate access to the prison law library for purposes of pursuing his appeal. He merely claims that he was denied "full access" and does not disavow any potentially legitimate basis the prison might have had for curtailing his library use. Moreover, appellant has had the

3

opportunity to review the record on appeal and has identified the issues he wished us to consider.

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 443; *People v. Kelly* (2006) 40 Cal.4th 106, 125–126.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

4

Lisa M. Chung, Judge

Superior Court County of Los Angeles

_____

Michael W. Flynn, under appointment by the Court of Appeal; Vernon Richardson, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.