Filed 2/10/14  P. v. Tompkins CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039693 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1243000) |
| v. | |
| KAREN M. TOMPKINS, | |
| Defendant and Appellant. | |

Pursuant to a negotiated plea, defendant and appellant Karen M. Tompkins pleaded no contest to one count of second degree burglary, a felony (Pen. Code, §§ 459, 460, subd. (b)).[1]  She also admitted the following enhancement allegations:  (1) she had previously been convicted of one serious or violent felony within the meaning of the Three Strikes Law (§§ 667, subds. (b)-(i); 1170.12); (2) she had served a prior prison term (§ 667.5, subd. (b)); and (3) she had two prior felony convictions that made her ineligible for probation (§ 1203, subd. (e)(4)).

After denying her *Romero*[2] motion, the court sentenced defendant to 32 months in prison, the maximum amount of time permissible under the plea agreement.  The court also struck the punishment for the prison prior enhancement, imposed a $480 restitution

---

[1]  All further statutory references are to the Penal Code.

[2]  *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

fine (§ 1202.4), and imposed, but suspended, a $480 parole revocation restitution fine (§ 1202.45). The court imposed other fines, fees, and assessments and awarded custody credits.

On appeal, defendant contends the amounts of the restitution fine (§ 1202.4) and the parole revocation restitution fine (§ 1202.45) are incorrect. She asserts that the parties agreed, when they entered into the plea agreement, that the amount of each of those fines would be $308, and that the court violated the plea agreement when it imposed the $480 restitution fine and imposed, but suspended, the $480 parole revocation restitution fine. The Attorney General concedes that defendant's restitution fine claim has merit and urges us to modify the judgment and reduce the restitution fine to $308. We shall accept the concession. And although the Attorney General's brief does not mention the parole revocation restitution fine, we shall also reduce the amount of that fine since section 1202.45 requires that the parole revocation restitution fine be in the same amount as the restitution fine. We shall affirm the judgment as so modified.

## FACTS

The facts are based on the testimony of two San José Police officers at the preliminary hearing.

Around 5:30 p.m. on October 14, 2012, Simon Gonzalez was at home, watching television, when he heard a noise in his backyard. He went outside and saw the following: the doors to his shed were open and the shed had been ransacked. He also saw defendant leaving his backyard.

Shortly before that, Gonzalez's neighbor, Maria Ponce, saw defendant and an unidentified man walking down the street; one was carrying a trash can and the other was carrying a recycling bin. Ponce then saw both of them walk up Gonzalez's driveway, open the gate, and enter his backyard.

2

Gonzalez and two family members followed defendant on foot to a nearby apartment complex. Someone called the police and officers were dispatched to the apartment complex. Defendant was arrested without incident. Gonzalez told the officers some items were missing from his shed, including a power tool. Defendant did not have the items with her when she was arrested.

## PROCEDURAL HISTORY

After the preliminary hearing, defendant was charged by information with one count of second degree burglary (§§ 459, 460, subd. (b)) and the three enhancements described previously. Defendant initially pleaded not guilty and denied the enhancements.

On January 14, 2013, the day the case was set for trial, the parties entered into a negotiated disposition. At the change of plea hearing, defendant pleaded no contest to the second degree burglary count (§§ 459, 460, subd. (b)) and admitted the three enhancement allegations, including the allegation that she had previously been convicted of one serious or violent felony within the meaning of the Three Strikes Law (§§ 667, subds. (b)-(i); 1170.12). The parties agreed that defendant would be allowed to make a *Romero* motion and that the maximum sentence under the plea agreement would be 32 months.

Upon taking the plea, the court advised defendant that if she went to trial, her maximum sentence would be seven years, with a "mandatory minimum of 32 months with the strike prior." The court also advised defendant, among other things, that she would be required to pay a "restitution fund fine of $308" and that the court would "impose but suspend an equal amount that [defendant] only need pay if [she] fail[ed]

3

probation and probation is revoked."[3] This is a reference to the probation revocation restitution fine under section 1202.44; the court did not advise defendant regarding a section 1202.45 parole revocation restitution fine.

A probation report was prepared after the plea was taken. The probation officer recommended that: (1) probation be denied; (2) defendant be sentenced to 32 months in prison; (3) a "Restitution Fine of $480.00 be imposed under the formula permitted by" section 1202.4; and (4) a parole revocation restitution fine in the amount of $480.00 be imposed and suspended pursuant to section 1202.45.[4]

At the sentencing hearing, the court denied the *Romero* motion and defendant's request for probation. The court followed the recommendations in the probation report and sentenced defendant to 32 months in prison (the 16-month lower term, doubled because of the strike prior), imposed a $480 restitution fine (§ 1202.4), and imposed and suspended a $480 parole revocation restitution fine (§ 1202.45). The court struck the one-year punishment resulting from defendant's admission of the prison prior (§ 667.5, subd. (b)) and awarded custody credits equal to 413 days. At sentencing, defendant did not object that the amounts of the restitution and parole revocation restitution fines violated the plea agreement.

---

[3] When the parties entered into the plea agreement, it appears they agreed that if defendant's *Romero* motion were granted, her sentence could include a grant of probation. The court advised defendant that if she were "placed on probation, which would only happen if the strike was stricken," she would have to pay a probation supervision fee. The court also stated, "If you are sentenced to state prison, upon your release, you could be placed on parole or community supervision for up to three years."

[4] The probation officer also reported that defendant was "excluded from sentencing" under the 2011 public safety realignment legislation (§ 1170, subd. (h)) because of her strike prior for attempted first degree burglary.

4

Defendant argues that the court violated the plea agreement when it imposed a $480 restitution fine (§ 1202.4) because the court had advised her, when it took her plea, that the restitution fine would be $308. She also contends that the "section 1202.45 suspended parole revocation restitution fine must also be reduced to $308." The Attorney General concedes that the restitution fine claim has merit and urges us to modify the judgment and reduce the restitution fine to $308. But the Attorney General has overlooked the parole revocation restitution fine. For the following reasons, we shall accept the concession and modify the judgment as to both fines.

Section 1202.4 requires every person convicted of a crime to pay a restitution fine. (*People v. Villalobos* (2012) 54 Cal.4th 177, 180-181 (*Villalobos*).) It provides in relevant part: "(b) In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record. [¶] (1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense. If the person is convicted of a felony, the fine shall not be less than two hundred forty dollars ($240) starting on January 1, 2012, two hundred eighty dollars ($280) starting on January 1, 2013, . . . and not more than ten thousand dollars ($10,000)." The restitution fine is not paid directly to the victim; instead, it is deposited in the Restitution Fund in the State Treasury (§ 1202.4, subd. (e)) from which crime victims may obtain compensation through an application process. (*Villalobos*, at p. 181.)

"In addition, section 1202.45 requires every person who 'is convicted of a crime and whose sentence includes a period of parole' to pay 'an additional parole revocation restitution fine in the same amount as' the restitution fine under section 1202.4, subdivision (b). (§ 1202.45.) The parole revocation fine is also paid into the state

Restitution Fund, and the fine 'shall be suspended unless the person's parole is revoked.' (*Ibid.*)" (*Villalobos*, *supra*, 54 Cal.4th at p. 181.)

"[I]t is important to distinguish 'two related but distinct legal principles' " that may apply when a restitution fine is erroneously imposed. (*Villalobos*, *supra*, 54 Cal.4th at p. 181, quoting *People v. Walker* (1991) 54 Cal.3d 1013, 1020, 1022 (*Walker*), overruled on another ground as stated in *Villalobos*, at pp. 185-186.) "First, 'before taking a guilty plea the trial court must admonish the defendant of both the constitutional rights that are being waived and the direct consequences of the plea.' " (*Villalobos*, at p. 181.) "The second principle is the constitutional due process requirement that 'both parties, including the state, must abide by the terms of [a plea] agreement' and '[t]he punishment may not significantly exceed that which the parties agreed upon.' " (*Villalobos*, at p. 182, quoting *Walker*, at p. 1024 [a restitution fine 'qualifies as punishment for this purpose'].)[5] As we shall explain, both principles are implicated in this case.

Regarding the restitution fine (§ 1202.4), only the second type of error, violation of the plea bargain, is at issue. The court advised defendant when it took her plea that the direct consequences of her plea included a $308 restitution fine (§ 1202.4). But when the court sentenced defendant, it imposed a $480 restitution fine, an amount that was not consistent with the terms of the plea agreement. "When a restitution fine above the statutory minimum is imposed contrary to the actual terms of a plea bargain, the

---

[5] "A defendant forfeits a claim that his [or her] punishment exceeds the terms of a plea bargain when the trial court gives a section 1192.5 admonition and the defendant does not withdraw his plea at sentencing. ([Citation]; see § 1192.5 [requiring trial court, upon approving a plea, to inform defendant that its approval is not binding and that defendant may withdraw the plea if the court withdraws its approval before sentencing].)" (*Villalobos*, *supra*, 54 Cal.4th at p. 182.) Here, as in *Villalobos*, the trial court did not give a section 1192.5 admonition, so defendant's failure to object at sentencing does not forfeit her claim on appeal. (*Ibid.*)

defendant is entitled to a remedy." (*People v. Crandell* (2007) 40 Cal.4th 1301, 1309.) Since the court failed to abide by the terms of the plea agreement, the proper remedy is to modify the judgment and reduce the restitution fine to $308, the amount agreed upon.[6] (*Ibid*.) We therefore accept the Attorney General's concession regarding the restitution fine.

As for the parole revocation restitution fine (§ 1202.45), the first type of error (failure to advise of the consequences of the plea) is at issue. As the court explained in *Villalobos*, "because 'advisement as to the consequences of a plea is not constitutionally mandated,' 'the error is waived absent a timely objection.' " (*Villalobos*, *supra*, 54 Cal.4th at p. 182, quoting *Walker*, *supra*, 54 Cal.3d at pp. 1022, 1023; see also *People v. Dickerson* (2004) 122 Cal.App.4th 1374, 1386-1387 ["When the complaint is simply that advisement of a direct consequence of a plea was omitted, and not that the plea bargain was breached, this 'error is waived if not raised at of before sentencing' "]) Under this rule, since defendant failed to object to the parole revocation restitution fine at or before sentencing, the advisement error does not entitle her to a remedy. (*Villalobos*, at p. 182.) However, when the court omits or imposes an erroneous parole revocation restitution fine, it may be corrected on appeal because "[u]nder section 1202.45, a trial court has *no* choice and *must* impose a parole revocation fine equal to the restitution fine whenever the 'sentence includes a period of parole.' " (*People v. Smith* (2001) 24 Cal.4th 849, 853, quoting § 1202.45, original italics.) Since the amount of the parole revocation restitution fine must be the same as the restitution fine (§ 1202.45), we shall modify the judgment and reduce the amount of the parole revocation restitution fine to $308.

---

[6] Defendant committed her offense in October 2012 and was sentenced in May 2013. The amount the parties negotiated for the restitution fine ($308) exceeds both the statutory minimum fine in effect starting on January 1, 2012 ($240) and the minimum fine in effect starting on January 1, 2013 ($280). (§ 1202.4, subd. (b)(1).) Thus, as defendant observes, the question of which of those two rates applies need not be resolved.

## DISPOSITION

The restitution fine (§ 1202.4) is reduced to $308. The parole revocation restitution fine (§ 1202.45) is also reduced to $308. As so modified, the judgment is affirmed. The trial court clerk is directed to prepare an amended abstract of judgment that sets forth the correct amounts of the restitution fine and the parole revocation restitution fine, and to send a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

_____
Márquez, J.

WE CONCUR:

_____
Rushing, P. J.

_____
Premo, J.