Filed 5/5/15  P. v. Hernandez CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSE ANDRES HERNANDEZ,<br><br>    Defendant and Appellant. | D065755<br><br><br><br>(Super. Ct. No. SCD243903) |

APPEAL from a judgment of the Superior Court of San Diego County, Jay M. Bloom, Judge.  Affirmed.

Stephen M. Hinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Anthony DaSilva and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

In January 2014, Jose Andres Hernandez pleaded guilty to being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1);[1] count 1); possessing a short-barreled shotgun (§ 33215; count 2); owning or possessing ammunition when prohibited from doing so (§ 30305, subd. (a)(1); count 3); possessing narcotics paraphernalia, a misdemeanor (Health & Saf. Code, former § 11364.1, subd. (a); count 4); and failing to appear while on bail (§ 1320.5; count 5). Hernandez admitted having served a prior prison term. In February, the court dismissed the prison prior and sentenced Hernandez to two years in prison: the two-year middle term on count 1, stayed (§ 654) terms on counts 2 and 3, a concurrent term on 5 and credit for time served on count 4. Hernandez appeals, contending the $300 restitution fine (§ 1202.4, subd. (b)) and the $300 parole revocation fine (§ 1202.45) must be reduced because their imposition contravened the guilty plea and violated his due process rights and the ex post facto clause. We affirm.

BACKGROUND

The change of plea form, which Hernandez read, understood, discussed with his attorney, initialed and signed, stated: "I have not been induced to enter this plea by any promise or representation of any kind, except: . . . Court indicates [two] years State Prison." The form listed a $10,000 fine as a consequence of the guilty plea and stated: "I understand that I must pay a restitution fine ($200-$10,000), that I will also be subject to a suspended fine in the same amount, and that I must pay full restitution to all victims."

---

[1] Further statutory references are to the Penal Code unless otherwise specified.

The form contained a waiver of Hernandez's "right to appeal . . . any defect in plea advisal."

At the change of plea hearing, before Hernandez entered his guilty plea, the court told him: "And the deal is in this case that I've indicated, in return for your plea to the face of the complaint and admitting of the [prison prior], I'll give you a two-year sentence with denial of probation, and you also agree to waive any appeal as to the plea, the [section] 1538.5 motion, and any other issues in the case.[2] Is that your understanding?" Hernandez said "yes." The court explained to Hernandez that if the court was unable to abide by its promise of a two-year sentence, it would allow Hernandez to withdraw his plea.

Before Hernandez entered his plea, the following occurred:

> "THE COURT: Okay. And understand that, in addition to any other punishment, I have to impose a restitution fine of from [$]240 to [$]10,000. I also impose the minimum. [¶] I think it's up to [$]260 now, isn't it? Does anybody know? I think it just went up.
>
> "[DEFENSE COUNSEL]: It did.
>
> "THE COURT: So it will be a minimum of $260. Do you understand? And the court will -- also is required to impose a second fine, but that's stayed as long as you're successful on parole. Do you understand that?
>
> "THE DEFENDANT: What is the second fine, your honor, please?
>
> "THE COURT: It's the same thing. I'll do the minimum of $260.
>
> "THE DEFENDANT: Thank you."

---

2      The court later issued a certificate of probable cause.

The probation report, filed on the day of the sentencing hearing, recommended a restitution fine and a parole revocation fine of $4,200 each. Hernandez's counsel received a copy of the report and reviewed it before the court sentenced Hernandez. At the end of the sentencing hearing, the court stated: "He's to pay a restitution fine. I'm going to lower that to $300 instead of $4,000. The additional [$]4,200 is also [$]300. That's to be stayed unless defendant's parole or [postcommunity] supervision is revoked." There was no objection.

## DISCUSSION

Section 1202.4, subdivision (b) states: "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record. [¶] (1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense. If the person is convicted of a felony, the fine shall not be less than two hundred forty dollars ($240) starting on January 1, 2012, two hundred eighty dollars ($280) starting on January 1, 2013, and three hundred dollars ($300) starting on January 1, 2014, and not more than ten thousand dollars ($10,000). If the person is convicted of a misdemeanor, the fine shall not be less than one hundred twenty dollars ($120) starting on January 1, 2012, one hundred forty dollars ($140) starting on January 1, 2013, and one hundred fifty dollars ($150) starting on January 1, 2014, and not more than one thousand dollars ($1,000). [¶] (2) In setting a felony restitution fine, the court may determine the amount of the fine as the product of the minimum fine pursuant to paragraph (1) multiplied by the number of years of

4

imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." (*Id.*, subd. (b)(1), (2).) The amount of the restitution fine is in the discretion of the court, within the statutory range. (*Id.*, subds. (b), (d); *People v. Dickerson* (2004) 122 Cal.App.4th 1374, 1379-1380.) When sentence on a count is stayed pursuant to section 654, that count cannot be a part of the restitution fine calculation. (*People v. Le* (2006) 136 Cal.App.4th 925, 933-934.) A parole revocation fine is also required and must be in the same amount as the restitution fine. (§ 1202.45, subd. (a).)

Hernandez contends ex post facto and due process principles require that the $300 restitution and parole revocation fines be reduced to $240, the statutory minimum "[a]t the time [he] committed the crime," because at the change of plea hearing, the court promised to impose the minimum amount. Alternatively, he contends the fines must be reduced to $260 each, because when he entered his guilty plea, he relied on the court's representation that it would impose $260 fines.

Hernandez has forfeited his right to object to the amount of the restitution and parole revocation fines by failing to do so at sentencing. (*People v. Scott* (1994) 9 Cal.4th 331, 356; *People v. Martinez* (2014) 226 Cal.App.4th 1169, 1189; *People v. Hector* (2000) 83 Cal.App.4th 228, 230, 237; *People v. White* (1997) 55 Cal.App.4th 914, 916-917.)

In any case, the premise of Hernandez's contentions is incorrect. The plea agreement did not provide for restitution and parole revocation fines of $240 or $260. The only inducement for the guilty plea was the indicated two-year prison sentence.

5

Hernandez was advised and stated he understood that, as a consequence of the plea, he would incur a restitution fine and a suspended parole revocation fine of between $200 and $10,000 each. The court said that for each fine, it would impose the minimum amount, which it believed to be $260. The court did not say whether it intended to impose that amount as to each count with an unstayed sentence, or whether it intended to impose that amount as to the entire case. At the time of the change of plea hearing, the court had not said how it would reach the promised two-year prison sentence or on which counts it would impose stayed terms. There was no contravention of the plea agreement and no due process violation.

"The prohibition against ex post facto laws applies to restitution fines." (*People v. Martinez, supra,* 226 Cal.App.4th at p. 1189.) Hernandez committed the offenses in counts 1 and 4 in October 2012, when the statutory range for felony restitution fines was $240 to $10,000 and the statutory range for misdemeanor restitution fines was $120 to $1,000. He committed the offense in count 5 in June 2013, when the statutory range for felony restitution fines was $280 to $10,000.[3] Under the formula in section 1202.4, subdivision (b)(2), the court could have imposed a restitution fine and a parole revocation fine each amounting to the product of the minimum fine times two (the number of years of imprisonment) times two (the number of felony counts with unstayed sentences). Because the amounts imposed by the court fell within the statutory ranges in effect at the time of the crimes, there was no ex post facto violation.

---

3    Because the court stayed the sentences on counts 2 and 3, the only counts to which the fines applied were felony counts 1 and 5 and a misdemeanor on count 4.

DISPOSITION

The judgment is affirmed.

NARES, J.

WE CONCUR:

BENKE, Acting P. J.

AARON, J.

7