Filed 9/14/15  P. v. Gutierrez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063158 |
| v. | (Super.Ct.No. CR37425) |
| ROMAN GUTIERREZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Roman Gutierrez, in pro. per.; and Paul Stubb, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

**FACTUAL AND PROCEDURAL HISTORY**

A.     PROCEDURAL HISTORY

On January 28, 2015, defendant and appellant Roman Gutierrez filed a motion for modification of his restitution fine under Penal Code[1] section 1292.4, subdivision (b). The trial court denied defendant's motion.  On March 10, 2015, defendant renewed his motion and requested that the court reconsider the modification of his restitution fine. The trial court denied defendant's motion again.  On March 24, 2015, defendant filed a notice of appeal challenging the court's denial of his motion to modify his restitution fine.

B.     FACTUAL HISTORY[2]

Defendant was convicted of robbery under section 211 and murder under section 187.  On February 14, 1994, the trial court sentenced defendant and imposed a restitution fine of $10,000.  Defendant is required to pay his restitution fine from his wages earned while incarcerated as well as any wages eared post-release.  Defendant requested that the fine of $10,000 be reduced to the minimum fine of $200 based on his inability to pay.

**DISCUSSION**

After defendant appealed, and upon his request, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The facts of the underlying case are not relevant because the only issue on appeal relates to defendant's motion to modify his restitution fine.

2

the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. On August 24, 2015, defendant filed an eight-page typewritten brief. In his brief, defendant appears to be arguing that the trial court erred in denying his motion to modify the restitution order because he does not have the ability to pay the fine.

The court has wide discretion in determining the amount of restitution to impose within the range authorized by statute. (§ 1202.4, subd. (b)(1); *People v. Gangemi* (1993) 13 Cal.App.4th 1790, 1798; *People v. Urbano* (2005) 128 Cal.App.4th 396, 406.) The exercise of discretion "'must not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice.'" (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124, italics omitted.)

The version of section 1202.4 in effect at the time of defendant's conviction, stated, in pertinent part:  (a) In any case in which a defendant is convicted of a felony, the court shall order the defendant to pay a restitution fine as provided in subdivision (a) of Section 13967 of the Government Code. Such restitution fine shall be in addition to any other penalty or fine imposed and shall be ordered regardless of the defendant's present ability to pay. However, if the court finds that there are compelling and extraordinary reasons, the court may waive imposition of the fine. When such a waiver is granted, the court shall state on the record all reasons supporting the waiver.

3

The statute provides the trial court with broad discretion to set restitution fines, which are "commensurate with the seriousness of the offense." (*People v. Urbano*, *supra*, 128 Cal.App.4th at p. 405.) The trial court is not required to hold a hearing or state its findings on the record unless it declines to impose the fine. (Former § 1202.4, subd. (a); *People v. Dickerson* (2004) 122 Cal.App.4th 1374, 1379-1380.) Furthermore, the trial court is required to impose a parole revocation fine if it has also imposed a fine under section 1202.4, and the amount must be equal to the section 1202.4 fine. (*People v. Rodriguez* (2000) 80 Cal.App.4th 372, 375-376.)

Similar to this case, in *People v. Romero* (1996) 43 Cal.App.4th 440, 443, 447, the defendant contended that his restitution fine was erroneously imposed because the record contained insufficient evidence of his ability to pay. The appellate court held, "[S]ection 1202.4 also provides, 'A defendant shall bear the burden of demonstrating lack of his . . . ability to pay.' This express statutory command makes sense only if the statute is construed to contain an implied rebuttable presumption, affecting the burden of proof, that a defendant has the ability to pay a restitution fine. . . . The statute thus impliedly presumes a defendant has the ability to pay and expressly places the burden on a defendant to prove lack of ability. Where, as here, a defendant adduces no evidence of inability to pay, the trial court should presume ability to pay . . . . Since here [the] defendant's ability to pay was supplied by the implied presumption, the record need not contain evidence of defendant's ability to pay." (*Id.* at pp. 448-449.)

Here, aside from defendant's discussion regarding his incarceration, he failed to demonstrate a lack of his ability. Defendant had the burden to show he could not pay the

4

restitution fine. (*People v. Romero*, *supra*, 43 Cal.App.4th at p. 449; *People v. Avila* (2009) 46 Cal.4th 680, 729; and § 1202.4, subd. (d).) Absent evidence supporting a defendant's inability to pay beyond the bare fact of his incarceration, and absent evidence indicating the trial court breached its duty to consider his ability to pay, no abuse of discretion will be found. (*People v. Nelson* (2011) 51 Cal.4th 198, 227.)

Defendant also appears to be arguing that the trial court erred in denying his motion to modify his restitution fine because of the financial hardship it imposes on his family. This argument does not affect the ordering of restitution fines.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                                                                                        J.

We concur:

McKINSTER _____
                    Acting P. J.

KING _____
                              J.

5