Filed 9/19/14  P. v. McCullough CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT EDWARD MCCULLOUGH,<br><br>        Defendant and Appellant. | D064681<br><br><br>(Super. Ct. No. SCD248477) |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia A. Eyherabide, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Ryan H. Peeck, Deputy Attorneys General, for Plaintiff and Respondent.

Robert Edward McCullough appeals from a portion of a probation order which imposes an $820 fine.  Although the issue was never raised in the trial court, McCullough

now contends the imposition of this specific fine is in excess of the plea agreement. We find the argument to be wholly without merit and affirm the probation order.

## FACTS AND PROCEDURAL BACKGROUND

Pursuant to a plea agreement, McCullough entered a guilty plea to one count of resisting an executive officer (Pen. Code, § 69). The parties stipulated McCullough would receive three-years probation subject to 365 days in custody. The charges arose from an incident at the University of California San Diego (UCSD) in which McCullough resisted and fought with UCSD police officers. McCullough signed a written change of plea form, which included references to the maximum possible punishment including a $10,000 fine as well as a mandatory restitution fine.

McCullough was sentenced in accordance with the plea agreement, which included three-years formal probation, 365 days custody and numerous conditions of probation. Among the conditions of probation were various fees, a restitution fine of $280 and a discretionary fine of $820. As we have noted McCullough did not object to any of the conditions of probation, including any of the fines and fees ordered by the court.

## DISCUSSION

Remarkably, McCullough now contends the $820 fine was unlawful because it was not part of the plea agreement. In making this argument appellate counsel focuses entirely on the oral colloquy at the change of plea where the court explained the stipulated sentence of probation and custody. Counsel ignores the change of plea form and the oral advisement at the time of the plea that punishment could include a general

2

fine and a restitution fine. Indeed, this appeal does not challenge any of the other fines and fees or conditions of probation. We are at a loss to understand the argument that this specific fine somehow amounts to unauthorized punishment in excess of the plea agreement.

## A. Legal Principles

A negotiated plea agreement is a form of contract. We interpret such agreements in accordance with general contract principals. Our goal on review is to discern the intentions of the parties. We do that by examining the terms of any written agreements and the objective circumstances surrounding the agreement. (*People v. Shelton* (2006) 37 Cal.4th 759, 767.) When a negotiated agreement is accepted by the court it thereafter binds the court and the parties to the agreement. (*People v. Segura* (2008) 44 Cal.4th 921, 930.)

When a discretionary fine is imposed in a fashion which is contrary to the agreement, such fine must be stricken so that the sentence will conform to the plea agreement. (See *People v. Walker* (1991) 54 Cal.3d 1013, 1024, 1029-1030 (*Walker*).)

In *Walker* the court found the plea agreement did not include the possibility that the restitution fine could be imposed in an amount in excess of the minimum amount. In *Walker* the parties had not utilized a written change of plea form. Thus the court could not discern that the discretionary increase in the restitution fine was within the scope of the plea agreement. The court recognized the value of written plea agreements in order to avoid the issue presented there. (*Walker, supra,* 54 Cal.3d at p. 1030.)

3

B.  Analysis

The parties do not disagree as to the law.  The dispute boils down to whether a discretionary fine was a potential consequence recognized by the plea agreement. Appellate counsel relies on the verbal discussions in which the court explained the parties had stipulated to three-years probation and 365 days in custody.  Counsel then deduces that the minimum restitution and other fines and fees were "implied" in the plea agreement, but the discretionary fine was not.  We find no basis in the record for such interpretation.

McCullough was advised in both the change of plea form and in the colloquy that a fine of up to $10,000 was a possible outcome in this case.  Although there was no discussion of the exact terms of probation discussed at any time, apparently McCullough considers those "implied" as well.  However, it is unreasonable to consider the court's explanation of the term of probation and amount of custody as a condition of probation to somehow exclude a fine, the possibility of which was specifically included in the oral and written advisements.

We also find significant that at the sentencing hearing neither counsel nor McCullough raised any objection to the amount or imposition of the $820 fine.  The failure to object in these circumstances can be considered as an objective manifestation of the rational conclusion that all of the parties were aware that such fine was possible.

Contrary to the circumstances in *Walker, supra,* 54 Cal.3d 1013, the record in this case contains abundant proof McCullough was advised of the possibility of a discretionary fine of up to $10,000.  Such advice is contained in the change of plea form

4

initialed by McCullough.  He was also advised of such possible fine by the trial judge at the time of his guilty plea.  While it appears from the record that McCullough was most interested in receiving probation, the length of probation and the length of custody, it is not reasonable to speculate that the court's answers to his questions somehow means that the parties agreed that no discretionary fine would be imposed.  If that argument is sound, then we would also have to conclude, the parties anticipated there would be no conditions of probation, because they were also omitted from the dialogue about probation and custody.

McCullough was thoroughly advised of all of the potential consequences of his plea.  He never questioned the possibility of a discretionary fine, the parties did not have any discussions to that effect and, importantly, McCullough did not object to the imposition of the $820 fine.  McCullough's arguments to the contrary are without merit.

DISPOSITION

The judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


AARON, J.

5